## BANKRUPTCY OF M. DE GOUVEIA.

APPEAL FROM BICKERTON, J.

HEARING, MARCH 31, 1891. DECISION, APRIL 17, 1891.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

The Justice below declined, "for the present," to discharge the bankrupt.

Held, that as this decision was not final, the appeal therefrom must be dismissed.

OPINION OF THE COURT, BY JUDD, C.J.

Manoel de Gouveia, of Holualoa, North Kona, Hawaii, was on the 6th March, 1890, upon the petition of some of his creditors, adjudged a bankrupt. An assignee was elected, but scarcely any progress has been made in settling the estate, as its affairs seem to be very much involved.

On the 21st January, 1891, the bankrupt filed his petition for discharge. Due notice was given of the hearing as required by statute, and at the hearing the discharge was opposed by the assignee, D. Dayton, and by two of the creditors, who severally filed specifications in writing of the grounds of their opposition. Mr. Justice Bickerton heard the application and objections thereto, and on the 14th March filed a decision declining for the present to grant the discharge of the petitioner. From this the petitioner appeals to this Court.

His counsel, C. W. Ashford, contends that as his sworn petition sets forth that he has not done any of the acts nor omitted to comply with the requirements set forth specifically in Section 17 of the Bankruptcy Act of 1884, he is entitled to his discharge as a matter of right. This section reads, "No discharge shall be granted, or if granted be valid, in any of the following cases," stating the acts which, if committed by the bankrupt, would debar him from obtaining

a discharge. And Section 20 of the Act reads, "If it shall appear to the Justice that the bankrupt has in all things complied with the requirements of this Act, and that under the provisions thereof he is entitled to a discharge, the Court shall grant him a discharge from all his debts, etc." It would seem that this contention was correct, but the Justice below has not passed upon the merits of the objections made by the opposing creditors, and has not made a final decision declining to grant the discharge on the ground that the bankrupt had not complied with the statutory requirements.

The Justice found that the bankrupt's dealings with a firm in Kona, named Coerper & Strauch, now bankrupt, and a corporation called the Kona Sugar Co., were so complicated that it would be unjust to the creditors of the bankrupt to discharge him until these matters were investigated. The assignee also resists the application. He is entitled to the bankrupt's assistance in unraveling this tangle. The decision appealed from is not final and does not purport to be so.

For this reason the appeal is dismissed. .

*C. W. Ashford*, for petitioner.

*C. L. Carter*, for opposing creditors and assignee.