## CLAUS SPRECKELS *v.* FIRST JUDGE, CIRCUIT COURT, FIRST CIRCUIT.

### MANDAMUS.

SUBMITTED FEBRUARY 1, 1896.　　　　DECIDED FEBRUARY 1, 1896

JUDD, C.J., WHITING, J., AND W. R. CASTLE, ESQ., A MEMBER OF THE BAR, SITTING BY REQUEST IN PLACE OF FREAR, J., ABSENT FROM THE REPUBLIC.

The petitioner obtained an injunction in a foreign court against a foreign corporation doing business in these islands, enjoining it from taking any further proceedings in a suit by the corporation against the petitioner, and moved that the case be suspended and continued until called up by either party. The Circuit Judge, respondent, refused to entertain the motion, for the reason that the corporation and its attorneys were enjoined on petitioner's motion from appearing to contest the motion, and it would be improper to hear it *ex-parte.* *Held,* no error. The Circuit Judge declined to reduce the order refusing to entertain the motion to writing and sign the same. *Held,* no error.

The refusal to entertain the motion is not appealable. It was discretionary with the Circuit Judge to refuse or allow the continuance.

It appearing that the discretion of the Circuit Judge was exercised, the signing of the order is not compellable by mandamus.

OPINION OF THE COURT BY JUDD, C.J.

The petition in this case is as follows:

"Your petitioner, Claus Spreckels, residing in the city and county of San Francisco, State of California, doing business in the Hawaiian Islands, respectfully represents that heretofore, to wit, upon the 1st day of October A. D. 1895, the Hawaiian Commercial and Sugar Company, a corporation incorporated under the laws of the State of California, and doing business in the Hawaiian Islands, entered suit in equity in the Circuit Court of the First Circuit of the Hawaiian Islands for an accounting against your petitioner touching and concerning certain matters in said company's complaint fully set forth, and thereafter to wit, upon the 11th day of October, A. D. 1895, Walter M. Giffard, attorney in fact for your petitioner through counsel, to wit, F. M. Hatch and W. A. Kinney, applied to the said Circuit Court for further time in which to answer the complaint aforesaid, which application was duly granted, your petitioner being given until the sixth day of December, A. D. 1895, to answer as aforesaid.

That upon the twenty-first day of November, A. D. 1895, your petitioner by the advice of counsel in San Francisco, brought proceedings in the Superior Court of the city and county of San Francisco, State of California, against the said Hawaiian Commercial and Sugar Company, seeking to enjoin it, the said corporation, from further prosecuting the suit brought as aforesaid in the Circuit Court of the First Circuit of the Hawaiian Islands, and seeking further to enjoin the defendant's officers of said corporation, to wit, Rudolf Spreckels, Russell J. Wilson, Mountford S. Wilson, Charles S. Wheeler, and B. J. Hoffacker, directors of the said Hawaiian Commercial and Sugar Company from passing any resolution or doing any act or thing in furtherance of the further prosecution of the said suit.

Whereupon upon the twenty-first day of November, A. D. 1895, a temporary injunction was issued out of the said Superior Court directed against the said corporation, and its officers aforesaid, enjoining them and each of them, and their and each of their officers, counsellors, attorneys, solicitors, agents, servants and employees, and all others acting in aid or assistance of the said defendants, and each and every one of them from further maintaining, prosecuting or proceeding with, or in said suit brought in the Circuit Court of the First Circuit of the Hawaiian Islands as aforesaid, which said temporary injunction your petitioner seeks in such proceedings to make perpetual.

That meanwhile W. A. Kinney, attorney of petitioner in the said Hawaiian Islands, having failed to receive definite knowledge of said injunction proceedings and of the temporary injunction issued as aforesaid by reason of the miscarriage of the mails, appeared in the said Circuit Court of the First Circuit, upon the sixth day of December, A. D. 1895, and obtained a further thirty days additional time in which to answer plaintiff's complaint, to wit, until the sixth day of January, A. D. 1896.

That thereafter upon the sixth day of January aforesaid petitioner's attorney, W. A. Kinney, by that time having been informed of the injunction proceedings brought by your petitioner, and being furnished with certified copies thereof by petitioner's attorneys in San Francisco, to wit, Messrs. Delmas & Shortridge, filed a motion in the Circuit Court of the First Circuit aforesaid, entitled—Defendant's motion to continue further proceedings until called up, a copy of which is hereto attached, marked Exhibit "A."

That upon the said sixth day of January said motion coming up for hearing, your petitioner's attorney, the said W. A. Kinney, discontinued said motion without prejudice and upon the express understanding that the said motion would be renewed later or upon the return of the said W. A. Kinney from the Island of Hawaii, whither he was about to proceed to attend a term of the Circuit Court of the Fourth Judicial Circuit.

And thereafter to wit, upon the eighteenth day of January, A. D. 1896, the said W. A. Kinney having returned from Hawaii as aforesaid renewed the said motion, a copy of which is hereto attached marked Exhibit "B."

That thereafter upon the twentieth day of January, A. D. 1896, the said motion came up duly for hearing before the Honorable A. W. Carter, First Judge of the Circuit Court aforesaid, who after hearing the argument of petitioner's counsel, and after considering all the exhibits and affidavits made a part of this motion, rendered an oral decision in open court, which was taken down by the official stenographer, J. W. Jones acting as such, a copy of which decision as taken down by the stenographer is hereto attached and made a part of this petition, marked Exhibit "C."

That at the same time the said Judge caused the following order to be entered upon the clerk's minutes of the proceedings, to wit. "The court states that it declines to entertain the motion, and defendant is allowed two weeks in which to answer."

And thereafter to wit, upon the twenty-first day of January, A. D. 1896, petitioner's attorney, the said W. A. Kinney prepared a form of order incorporating as he understood them the findings and orders by the Circuit Judge aforesaid the preceding day, upon petitioner's said motion heard that day.

That thereafter to wit, upon the twenty-second day of January, A. D. 1896, in open court, the petitioner's counsel, the said W. A. Kinney upon due notice to the attorneys of the Hawaiian Commercial and Sugar Company, to wit, Messrs. Hartwell, Thurston and Stanley, presented to the said Circuit Court Judge a form of the order he had prepared and requested the said Judge to sign the same, the petitioner's counsel having already been informed by the said attorneys for the said Hawaiian Commercial and Sugar Company that in their opinion no written order was necessary or proper outside of that already entered upon the clerk's minutes, said order not being appealable and not requiring to be signed by the Judge.

That the said Circuit Judge, upon presentation of the said order declined to sign the same, but caused the following order to be entered upon the clerk's minutes of the proceedings, to wit: "The court refuses to sign an order having declined to entertain or hear the motion to suspend proceedings until called up." And your petitioner represents unto the Court and claims that by virtue of the premises and the refusal of the said Circuit Court Judge to sign any order disposing of your petitioner's motion aforesaid entitled: Defendant's motion to continue further proceedings until called up (Exhibit B), your petitioner is precluded from appealing or attempting to appeal from the refusal to allow petitioner's said motion for a stay of proceedings, for that the rules of the said Circuit Court preclude an appeal until the order or decree sought to be appealed from has been signed by the Judge making the same.

And your petitioner further submits that it was the duty of said Judge to sign an order as aforesaid and that the said Circuit Judge in claiming that he has not heard or determined petitioner's said motion to stay proceedings is in error; but if such contention of the said Circuit Judge is correct, your petitioner submits that he is entitled to the mandate of this court directing the said Circuit Judge and compelling him to proceed to hear and determine your petitioner's said motion, and if as your petitioner contends, the said Circuit Judge has heard and determined the petitioner's said motion for a stay of proceedings, then your petitioner submits that he is entitled to the mandate of this court directing the said Circuit Judge to sign the order in conformity with his said decision and the clerk's minutes aforesaid.

That your petitioner believes and alleges that it would be detrimental and do irreparable injury to his interest and rights involved in the said injunction proceedings brought by him as aforesaid in the State of California, to answer the complaint of the Hawaiian Commercial and Sugar Company in the said Circuit Court of the First Circuit, and that it is an abuse of discretion and violation of the comity which should be accorded

the said court in the State of California for the Circuit Judge aforesaid of the First Circuit, to compel petitioner to answer in the suit brought therein before said injunction proceedings can be determined and heard in the proceedings now pending in the foreign court aforesaid, more particularly as a failure to answer until said injunction proceedings have been determined is not shown to be likely to work injury to the said corporation.

Wherefore your petitioner prays that a writ of mandamus issue directing the said A. W. Carter, Circuit Judge of the First Circuit, to proceed to sign an appropriate order in conformity with his findings and decision given upon the hearing of petitioner's said motion for a stay of proceedings or to show cause to the contrary as such time as the court shall set for hearing thereof, or if the court is of the opinion, upon the showing herein that the said Circuit Judge has not heard and determined petitioner's said motion for a stay of proceedings but declined so to do, that the court issue a writ of mandamus directed to the said A. W. Carter, Circuit Judge aforesaid, commanding him to proceed forthwith to hear and determine petitioner's said motion, and for such other and further relief as to the court may seem meet.

Your petitioner makes all the pleadings, motions, exhibits, affidavits and other papers and documents on file in the said Circuit Court, in the case aforesaid of the Hawaiian Commercial and Sugar Company against your petitioner, part of this petition, and makes profert herein of the same, and prays leave to refer to the same, and that the same be read in connection with and as a part of this petition."

An alternative writ was issued returnable before us on the 1st February.

The respondent showed cause as follows:

"And now comes the said A. W. Carter, First Judge of said Circuit Court, pursuant to the order herein made to show cause

why peremptory writ of mandamus should not issue against him as prayed for in said petition and shows as follows:

1. ·That the records in said original cause show that this petitioner has taken such proceedings in the said California Court as to preclude the plaintiff and its attorneys therein from appearing in said Circuit Court against the petitioner's motion to continue proceedings, without exposing said plaintiff to liability for contempt of said California Court, and that it would be contrary to equity and good conscience as well as to the plain rules of fundamental law to allow the defendant in said cause, after placing the plaintiff therein under duress and prohibition against further appearing therein, to take out orders or decrees *ex parte* affecting the plaintiff's interest.

2. That if said Circuit Judge had any right or authority to entertain, hear and determine said motion *ex parte* he could properly have denied the same, and such denial would not have been appealable.

3. That upon the facts set forth in the records herein said Circuit Judge ought not to have entertained said motion, and ought neither to have granted nor refused the same.

4. That according to the usual and proper practice in equity no order or decree is signed by the Judge upon his declining to entertain or either to grant or to refuse a motion made under the circumstances herein shown.

5. That if said motion had been denied no appeal would have lain from such denial, the same not being of a final nature, and also as well because the granting or denying of said motion would have been entirely discretionary with the court.

6. That the opinion of said Circuit Judge upon the questions raised by said motion is fully and clearly set forth in the clerk's minutes, and that if the petitioner is lawfully entitled to appeal therefrom there is no statute or rule of practice requiring such opinion to be signed by such Judge.

Wherefore this respondent submits that the writ as prayed for should not issue, and he brings into court here the writ

herein issued, and refers to all the records herein filed to show his doings in the premises."

The precise act which the petitioner asks that the respondent be required to do is to sign an order declining to entertain a motion made by the petitioner to suspend further proceedings in the cause of the *Hawaiian Commercial and Sugar Company* (a foreign corporation doing business in these islands) *v. Claus Spreckels* in the Circuit Court, First Circuit of the Hawaiian Islands and to continue the same until called up by motion of either party, without prejudice to the right of defendant to answer when so called up; and that the time to answer be extended forthwith until this motion can be disposed of.

It was made to appear to the Circuit Judge that the Hawaiian Commercial and Sugar Company, its officers, servants, agents, attorneys, employees, &c., had been enjoined by the Superior Court of the city and county of San Francisco in the State of California, U. S. A. "from further maintaining, prosecuting or proceeding with or in" the action in the Circuit Court here. The Circuit Judge (respondent) stated orally that he declined to entertain the motion because so long as the Hawaiian Commercial and Sugar Company was prohibited by an injunction from appearing here, any motion requiring action on its part should not be heard while its hands are tied; and he therefore further extended the time in which the then defendant should answer to a day certain.

Counsel for Claus Spreckels contends that this "order" refusing to entertain the motion should be put in writing and signed by the respondent in order that he may be enabled under the statute and rules to appeal therefrom to the Supreme Court. And he admits that if said refusal to entertain the motion is not appealable he would not be entitled to the writ.

The status of the case is this: The record shows that the statutory time for answer had begun to run when several orders in succession were obtained by the then defendant granting him further time to answer.   These orders were made before the injunction of the California Court, at the hearings of which

counsel for the Hawaiian Commercial and Sugar Company appeared. At the hearing under discussion such counsel appeared specially for the purpose of waiving no rights by non-appearance and protesting that this appearance be not deemed to be a violation of the injunction, showed to the court that the granting of the motion (to suspend proceedings) would be disposing of the plaintiff's rights without an opportunity being given to it to be heard, the defendant having obtained an injunction in a foreign court precluding the plaintiff from further proceedings herein.

It would certainly be improper for the court to make any such order, suspending proceedings, without hearing the other side and would not be authorized to decide it *ex parte*. It was therefore improper to entertain it at all and we understand that this is all that was done. We hold that according to the practice and precedents of the courts of record of this country, refusals to entertain motions of this character are noted by the clerk on the record and need not be reduced to writing and signed by the Judge.

Secondly, the refusal to grant a suspension of proceedings is interlocutory matter not decisive of the merits of the case, and by numerous decisions of this court is not appealable, see 9th Haw. pp. 164, 178, 180, 187, 218, 357, 401.

Thirdly, it was discretionary with the Circuit Judge to grant or refuse the motion for the suspension of proceeding, and this discretion having been exercised in this case, by looking into the grounds of it and declining to entertain the motion, which was a virtual refusal of the motion itself, mandamus will not lie to compel the Judge to sign such an order. 14 Am. & Eng. Encyc. Law, pp. 114, 128, title Mandamus and cases cited.

We find that the respondent has shown sufficient reasons to justify his conduct, and therefore dismiss the complaint.

*W. A. Kinney*, for petitioner.

*L. A. Thurston*, for respondent.