EDWARD R. BARTHROP and JOSEPH SCHLUMPH *v.*
    KONA COFFEE COMPANY, Limited, VICTOR J.
    CAPRON and JAMES F. MORGAN.

APPEAL FROM CIRCUIT JUDGE, THIRD CIRCUIT.

SUBMITTED JUNE 25, 1896.                    DECIDED JULY 30, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

A decision overruling a demurrer to a bill in equity is not final for
    the purposes of appeal.

An appeal in equity should be taken from the decree, not from the
    opinion, of the court.

When a hearing on demurrer is pending and no time has been set
    for trial on the facts, the expenses of a witness summoned by
    plaintiff should not be taxed to defendant.

OPINION OF THE COURT BY FREAR, J.

This is a suit in equity for a discovery from each of the de-
fendants; for salary of one of the plaintiffs as manager of
defendant corporation; for consequential damages to his stock
and to his other business by reason of his discharge as such
manager by defendant Capron, president of said corporation;
for a decree that an excess of assessments paid by plaintiff
Schlumph be placed to his credit; for damages for injury to
Schlumph's stock by reason of an order for its sale given by the
corporation to defendant Morgan, an auctioneer, for non-pay-
ment of assessments; for the appointment of a receiver to man-
age and control the corporation and its property until such time
as it may be able to carry out its charter privileges or until it

has been wound up; for an injunction against the sale of the stock of each of the plaintiffs by the defendant Morgan, and for other relief of various kinds.

The defendants demurred to the bill on the following grounds: misjoinder of parties plaintiff; misjoinder of parties defendant; non-joinder of parties defendant; several causes of action improperly united; adequate, full and complete remedy at law; bill not signed by counsel; multifariousness; failure to state facts sufficient to entitle plaintiffs to a discovery or other relief.

The plaintiffs moved in this court that the appeal be dismissed on nine grounds, the substance of which is that the decision appealed from is not final; that no decree has been entered, and that accrued costs have not been paid.

It is argued for the defendants that our statute in general, allowing appeals "from all decisions, judgments, orders or decrees of Circuit Judges in Chambers," and not merely from "final" decisions, etc.; that it has been the practice of the court hitherto in chamber cases to entertain appeals from interlocutory decisions; that elsewhere it is only in the Code States that such appeals are not entertained; that a decision overruling a demurrer that goes to the equities of the whole bill is final; and that if a demurrer were erroneously overruled and no appeal allowed, a defendant would be put unnecessarily to trouble and expense by having to answer and proceed to trial.

These arguments have for the most part been urged upon this court in previous cases, which, though not upon the precise question whether an appeal lies from a decision overruling a demurrer in equity, yet seem indistinguishable in principle from the present case.

Other portions of the same statute, relating to appeals from "all decisions" of District Magistrates and exceptions to "any opinion, direction, instruction, ruling or order" of the presiding Judge of a Circuit Court in a law case, are equally general with the portion under consideration. And yet in construing each of these portions the court has held repeatedly that an appeal or exception cannot be brought directly to this court from an inter-

locutory decision. In some of these cases the precise question
was whether a decision overruling a demurrer could be brought
up on appeal or exceptions. *Brown v. Carvalho,* 9 Haw. 180,
from a District Magistrate; *Prov. Gov't v. Hering,* Ib. 187, and
*The Queen v. Poor,* Ib. 218, from a Circuit Court. And even in
chamber cases the general rule against allowing appeals from
interlocutory decisions has been applied, though not in a case
where a demurrer was overruled. *Bankruptcy of Gouveia,* 8
Haw. 253; *Estate of Banning,* 9 Haw. 357, 359.

It is true that in some cases appeals have been entertained
from decisions overruling demurrers in equity; but, as was said
of a similar practice in law cases in *Prov. Gov't v. Hering,*
*supra,* this was with the consent of the appellee, or the matter
was unnoticed by the court. Similar appeals have been enter-
tained also by courts elsewhere inadvertently or because no
objection was made, and yet the decisions on such appeals have
been held binding on the parties, although the appeals, strictly
speaking, were not allowable under the statute. *Washington
Bridge Co. v. Stewart,* 3 How. U. S. 413 .

The rule against allowing appeals from interlocutory de-
cisions seems to be a general rule applicable to both chamber
and law cases, and not confined to Code States. See 2 Enc. of
Pl. & Pr., 56, 57, 64, 114. In *Kirchner v. Wood,* 48 Mich.
199, a decision overruling a demurrer to a bill in equity was held
not appealable. Afterwards a statute was passed allowing an
appeal from a decision overruling a general demurrer. *Taylor
v. Taylor,* 87 Mich. 67.

The fact that a demurrer may go to the equities of the whole
bill is not of itself sufficient to make a decision overruling it
final. It is difficult, perhaps impossible, to define accurately
what is or what is not a final decision for the purpose of appeal.
A "final" decision for this purpose is not necessarily in every
instance the "last" decision in a case. The effect of a decision
would seem to be a better test of its finality than the stage at
which it was rendered. *Barry v. Briggs,* 22 Mich. 201. And
so where a demurrer is *sustained,* even though to a part only

of the bill, the decision may be final so far as it goes. But where, as here, the demurrer is overruled, no substantial rights are finally concluded. If the defendants, upon the overruling of their demurrer, had elected to stand upon their demurrer, and had refused to answer, and a decree had been entered for the plaintiff upon the bill taken as confessed, it would clearly have been final and appealable. See 2 Enc. of Pl. & Pr., 115, 116.

Where a demurrer has been erroneously overruled, it may be, as urged by counsel, a hardship to the defendant not to allow him to appeal at once, for he might thereby be saved the trouble and expense of answering and trying the case upon the facts. On the other hand, if the demurrer has been rightly overruled, it might be a hardship to the plaintiff to allow an appeal at once, for he might thereby be put to great and unnecessary trouble, expense and delay. And whether the demurrer was rightly or erroneously overruled could not be ascertained until after the appeal had been heard. So as to any other interlocutory ruling. And if appeals were allowed from all such rulings it would be in the power of a defendant, even in a very clear case against him, to keep the case oscillating between the original and appellate courts almost indefinitely, to the great expense and annoyance and perhaps even practical denial of justice to the plaintiff, to say nothing of the annoyance to the courts and the occupation of their time with trivial matters. There are weighty reasons on both sides of the question, but as between appeals from all decisions and appeals from final decisions only, courts elsewhere have come to the conclusion almost unanimously that appeals should be allowed from final decisions only. This is a matter of statutory regulation. Our statute is such that we cannot discriminate between interlocutory decisions so as to allow appeals on important occasions and not on other occasions. Provision for exercising such discrimination is provided in our statute relating to exceptions in Circuit Court law cases, by authorizing the presiding Judge in his discretion to reserve questions for the decision of the Supreme Court. It would

seem desirable that a similar statute be passed for chamber cases, as has been done in some of the United States. Under such a statute the Circuit Judge could exercise a proper discrimination in the interests of all parties. The very case at bar is a forcible example of one in which an appeal should be allowed under such a statute. This is apparent from a glance at the bill and demurrer, which are set forth in substance above.

It may be added that, although interlocutory decisions are not severally directly appealable, no substantial rights are lost thereby, for all questions which might have been raised by such appeals, if allowable, may equally well be raised if the proper steps have been taken, on appeal from the final decree, in so far as the final decree is affected thereby.

The word "decision" in equity within the meaning of the statute relating to appeals is practically synonymous with "decree," and the appeal should be taken from the decree, not from the opinion of the court. In this case no decree has been entered. See *Un Wo Sang Co. v. Alo*, 7 Haw. 673.

In regard to costs, the appeal was allowed by the Circuit Judge, and in the absence of any showing to the contrary it is to be presumed that all costs that had accrued up to the time of the appeal were paid. We notice also that the papers in the case not made part of the record by the certificate of appeal show that the item of $17 expenses of a witness, which is the item alleged not to have been paid, was allowed after the appeal was taken, and subsequently the order allowing it was revoked. This item, we may add, appears to have been properly disallowed under the ruling in *Ohera v. Ackerman*, 9 Haw. 599, the witness having been summoned pending a hearing on demurrer and before a day had been set for trial on the facts.

The appeal is dismissed without prejudice.

*G. F. Little*, for plaintiffs.

*Thurston & Stanley*, for defendants.