*Holmes & Stanley* and *C. H. Olson* for appellee.

J. K. FARLEY, TAX ASSESSOR AND COLLECTOR FOR THE FOURTH TAXATION DIVISION OF THE TERRITORY OF HAWAII, *v.* THE MAKEE SUGAR COMPANY, A CORPORATION.

APPEAL FROM CIRCUIT JUDGE, FIFTH CIRCUIT.

ARGUED FEBRUARY 11, 1907.    DECIDED FEBRUARY 13, 1907.

FREAR, C.J., HARTWELL AND WILDER, JJ.

TAX LIEN FORECLOSURE—*appeal.*

In a suit to foreclose a tax lien tried on December 1, in which the circuit judge on December 14 filed a judgment or order that plaintiff recover of defendant the amount found due and in which on December 18 he filed a final (although styled supplemental) decree, an appeal by defendant filed on December 19 from the judgment of December 14 should be dismissed.

OPINION OF THE COURT BY WILDER, J.

This is a suit to foreclose a tax lien pursuant to section 1266, R. L., as amended by Act 89 of the Laws of 1905. The hearing was had on December 1, 1906, at the conclusion of which the

circuit judge found in favor of the plaintiff. On December 14, 1906, the circuit judge filed what was called a "judgment" reciting the proceedings, finding a certain sum to be due by defendant to plaintiff, and adjudging and decreeing that the plaintiff recover that sum from defendant with costs. On December 18, 1906, the circuit judge filed as of December 1, 1906, a "supplemental decree," which recited the prior findings in more detail, declared a lien on the property of the defendant against which the taxes were assessed, and decreed the sale of the property through a commissioner as in ordinary foreclosure proceedings. On December 19, 1906, the defendant, apparently without knowledge of the entry of a decree on the day before, appealed to this court from the judgment of December 14 above referred to.

The judgment of December 14 may be treated as an order making certain findings prior to the entry of a final decree or as a part of the final (although erroneously headed supplemental) decree filed December 18 as of December 1, in either of which cases the appeal will have to be dismissed, in the first case because without consent of the circuit judge one cannot appeal from a decree which is not final (see R. L., Sec. 1859 and note), and in the second case because one cannot select a part of a decree and appeal from that part alone. The fact that defendant had no knowledge at the time of filing his appeal that the final decree had been entered is immaterial.

Appeal dismissed.

*M. F. Prosser, Deputy Attorney General,* for plaintiff.

*R. W. Breckons* for defendant.