MARY II. ATCHERLEY *v.* W. P. JARRETT, SHERIFF OF THE CITY AND COUNTY OF HONOLULU, AND A. N. CAMPBELL, TRUSTEE.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED JUNE 21, 1909.                                    DECIDED JULY 9, 1909.

HARTWELL, C.J., WILDER AND PERRY, JJ.

EQUITY—*injunction staying execution sale.*

> Equity will not, under the circumstances stated in the opinion, enjoin an execution sale of land in order to avoid the sacrifice which would result from a sale pending litigation concerning the title, nor on the ground, which was available and had been adjudicated in the action at law, that the land was claimed by the defendant to be exempt from sale on execution.

OPINION OF THE COURT BY HARTWELL, C.J.

This was a bill for an injunction to restrain the levy upon the plaintiff's real property of an execution on a judgment of the circuit court in an action by the defendant Campbell upon a joint and several promissory notes signed by the plaintiff and her husband. The bill alleges that the plaintiff owns an undivided one-half interest in certain land in Honolulu in the possession of Lewers & Cooke, Ltd., who had brought a petition in the court of land registration to register its title thereto; that upon appeal by Lewers & Cooke from a decree of the land court dismissing the petition a decree to the same effect was entered in this court declaring that Lewers & Cooke have no title, from which decree an appeal to the United States

supreme court is pending; that an action by the plaintiff for possession of the land, brought against the Kapiolani Estate, Ltd., and others, is pending in the circuit court; that the defendant Jarrett upon writ of execution on the judgment has levied upon the plaintiff's right in the land and advertised the same for sale at public auction May 17, 1909; that she has no personal property subject to execution and no real property in possession; that the property levied upon is of the value of about $35,000 but if sold at public auction prior to the determination of the suits it would be sacrificed and the plaintiff irreparably injured; that Lewers & Cooke have been in possession of the land since 1902 and before and are indebted to the plaintiff for rents in a sum much more than the judgment, so that Campbell can garnishee them and thus collect the judgment without sacrificing the land; that the plaintiff offers to assign her claim for rents to Campbell in payment of the judgment and is willing to mortgage the land to him to secure its payment.    The plaintiff submits that her husband not having consented to the levy on her real estate it is not liable for payment of the judgment and that to sell her land on execution would be inequitable as the levy is contrary to law and an attempt to accomplish indirectly a sale of the plaintiff's land without her husband's consent; that the plaintiff sought relief in the action at law by a motion to quash the levy which was denied and that an injunction will avoid multiplicity of suits.

The judge issued a temporary injunction upon the filing of the bill April 30.   The defendants demurred on the grounds that the bill shows no equity and that its matters have been adjudicated at law in favor of the defendants, at the same time moving to dissolve the temporary injunction on the ground that it was improvidently issued and not warranted by the facts.    The motion was denied, the defendants appealing, by leave of the judge, the ruling being interlocutory.

The defendant's claim is that if the plaintiff had any remedy,

which they deny, it was at law, and that her land is subject to be taken and sold on execution. The probability that the land would be sacrificed by a sale, if made now, might authorize a stay of execution pending the litigation, but if stayed and the case of Lewers & Cooke were decided against Mrs. Atcherley the judgment creditor would lose the opportunity of obtaining satisfaction of the judgment. He cannot be required to do this for the benefit of his debtor. If the land was not subject to sale on execution a full and adequate means to protect the plaintiff's right existed at law by the motion to quash the levy.

As held in *Norris v. Herblay,* 9 Haw. 514, equity will not relieve against a judgment by reason of a defense (in that case the statute of limitations) which was available at law; but the plaintiff claims that the order denying her motion to quash the levy was interlocutory and not final and therefore that she could not bring that matter up by a writ of error or on bill of exceptions until after her land was sold, involving additional expense and litigation and clouding her title pending such litigation. By Secs. 1858 and 1859 R. L. appeals are allowed from all decisions of district magistrates and "from all decisions, judgments, orders or decrees of circuit judges," and by Sec. 1861 "an appeal duly taken and perfected in any case from a judgment, order or decree of a circuit judge or district magistrate shall operate as an arrest of judgment and stay of execution;" but an order or decision which is not final is not appealable, as held in *In re Bankruptcy of Gouveia,* 8 Haw. 253; *Prov. Gov't. v. Ah Un,* 9 Haw. 164; *Prov. Gov't. v. Smith,* 9 Haw. 178; *Brown v. Carvalho,* 9 Haw. 180; *Estate of Banning,* 9 Haw. 357; *Same,* 9 Haw. 359; *Spreckels v. Circuit Judge,* 10 Haw. 198, 206; *Barthrop v. Kona Coffee Co.,* 10 Haw. 398.

By Sec. 1864 R. L. exceptions may be taken in trials of actions at law to any ruling or order of the presiding judge,

and by Sec. 1865 R. L., upon the allowance of exceptions and a deposit of $25 or a bond in the same amount for costs, the questions arising thereon shall be considered by the supreme court, and judgment may be enforced or arrested pending exceptions, as in cases of appeal. It was held in *Prov. Gov't. v. Hering,* 9 Haw. 181, that exceptions to the overruling of a demurrer do not suspend the trial; but upon the subject of finality it is stated in *Dole v. Gear,* 14 Haw. 554, 556: "This court has also recognized that a final decision for the purpose of appeal is not necessarily the last decision in the case, and that its nature or effect rather than the stage at which it is rendered is the true test," the case holding that an order for temporary alimony "is final in its nature though it is not the last decree in the case or even the decree that determines the merit of the main case."

After the order no further rulings were to be made in confirmation of the sale or otherwise involving the question decided on the motion to quash. We are therefore of the opinion that exceptions to the order could have been brought before the sale. See *Laclede Nat. Bank of St. Louis v. Betterton,* 24 S. W. (Tex.) 326; *Phillips & Hudson v. Brazeal,* 14, Ala. 746; *Gale v. Michie,* 47 Mo. 326; *James & Ray, Ex Parte,* 59 Mo. 284; *Packer v. Owens,* 164 Pa. St. 185, 194. This remedy at law excludes the jurisdiction of equity in the case, and furthermore the plaintiff's claim having been adjudicated adversely to her in the action has become res judicata.

Order reversed, case remanded with instructions to grant motion to dissolve injunction.

*L. A. Dickey* and *E. M. Watson* for plaintiff.

*W. A. Greenwell* and *A. L. Castle* (*Castle & Withington* on the brief) for defendants.