Rodrigues v. Correia, 20 Haw. 563.

## JOSE DOS PASSOS RODRIGUES *v.* FORTUNATO CORREIA, VICTORINO de VASCONCELLOS AND SOCIEDADE PORTUGUEZA de SANTO ANTONIO BENEFICENTE de HAWAII.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED JUNE 23, 1911.                    DECIDED JUNE 26, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

APPEAL AND ERROR—*appeal lies only from final order.*

An order quashing a summons in an equity case is not a final order, and an appeal therefrom which has not been allowed by the circuit judge cannot be maintained.

### OPINION OF THE COURT BY ROBERTSON, C.J.

The plaintiff filed a bill in equity in the circuit court of the first judicial circuit entitled, properly, at chambers, in equity, praying for certain relief against the defendants, upon which process in the usual form in equity cases was issued and served upon two of the defendants and returned unserved as to one of them.

The defendants who had been served appeared specially and moved "that the summons heretofore and on, to wit, the 18th day of May, A. D. 1911, issued out of the above named court at chambers herein, be quashed and held at naught on the ground that said summons was issued by the clerk of this court without authority of law in this, that said summons was not issued under or pursuant to an order of a judge of this court at chambers, or on the order of the Honorable the Presiding Judge at Chambers."

After a hearing on the motion the circuit judge made an order that "the summons in the above entitled case issued out of this court at chambers herein be quashed and held at naught for the reasons stated in the motion." The plaintiff then brought an appeal from that order to this court, and the de-

fendants now move to dismiss the appeal on the ground that the order appealed from was an interlocutory order and the appeal was not allowed by the circuit judge.

Under our statute (R. L. Sec. 1859) appeals may be allowed by the circuit judge in his discretion from interlocutory orders or decrees whenever he may think the same advisable for the more speedy termination of litigation.

The appeal in this case not having been allowed by the circuit judge, that statutory provision has no application. Plaintiff's right to maintain the appeal depends, therefore, upon whether the order can be regarded as a final one. A decree or order which is not final is not appealable. *Barthrop* v. *Kona Coffee Co.* 10 Haw. 398; *Atcherley* v. *Jarrett,* 19 Haw. 511, 513.

As appears by the order appealed from, the bill in this case was not dismissed; the summons, only, was quashed. Nothing appears in the record, and no reason has been suggested, to indicate that another summons may not issue upon its allowance by the circuit judge, if such allowance is necessary. The plaintiff did not, as we assume he might have done, inform the circuit judge that he elected to stand upon the original summons. Had that position been taken the judge could, and, doubtless, would, have dismissed the bill. But as the matter now stands the bill must be regarded as still pending. Plainly, therefore, there was no finality to the order appealed from. It was not an appealable order. This view has been taken in other jurisdictions in similar cases. *Winn* v. *Carter Dry Goods Co..* 102 Ky. 370; *Lewis* v. *Barker,* 46 Neb. 662; *Honerine M. & M. Co.* v. *Tallerday S. P. & T. Co.,* 30 Utah 449; *Oland* v. *Agricultural Ins. Co.* (Md.), 14 Atl. 669.

The appeal is dismissed.

*E. C. Peters* and *A. D. Larnach* for the motion.

*Eugene Murphy* contra.