HONOLULU ATHLETIC PARK, LIMITED, A CORPO-
RATION, *v.* H. G. LOWRY, BILLY ORR, CHARLEY
REISBERG, JUSTIN FITZGERALD, ROY Mc-
ARDLE, JOHNNY KANE, "TOOTS" BLISS,
CLAUDE WILLIAMS, LOU KENNEDY, JIM
SCOTT, ED. KLEPFER, FRED. DERRICK, DON
RADER AND JACK BLISS.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. W. L. WHITNEY, JUDGE.

SUBMITTED JULY 27, 1915.            DECIDED SEPTEMBER 8, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

APPEAL AND ERROR—*final and interlocutory decrees.*
    An order made in an injunction suit assessing damages on
    an injunction bond against a surety thereon, directing that if the
    complainant does not pay such damages to the defendants to
    whom awarded, or to the attorneys of such defendants, within
    ten days, then a judgment to be entered in favor of the defend-
    ants against such surety, is an interlocutory order, and not a final
    decree, hence not appealable, although the order directs the surety
    to pay the sum awarded into court.
SAME—*final judgment.*
    For the purposes of appeal an order, judgment or decree which
    finally determines the rights of the parties as to the controversy,
    or some material portion thereof, and provides the means for car-
    rying the order, judgment or decree into effect, is final and ap-
    pealable.
SAME—*interlocutory order or decree.*
    An order, judgment or decree is not final, but interlocutory,
    when further action by the court is necessary to determine the
    final rights of the parties as to the matters affected by such order,
    judgment or decree, and from such order, judgment or decree an
    appeal does not lie as matter of right, but only by allowance of
    the circuit judge hearing the cause.

OPINION OF THE COURT BY QUARLES, J.

This is the third appeal to this court in this suit. On the
first appeal we affirmed a judgment sustaining a demurrer to the

original bill of complaint on the part of the defendants other
than Lowry, and refusing to permit an amendment as against
said defendants and dismissing the suit as to them (ante page
475). On the second appeal we affirmed a judgment sustaining
a demurrer to the amended bill of complaint by defendant Lowry
and dismissing the suit as to him (ante page 585). The facts,
other than stated here, appear in the two former decisions.
Upon a dissolution of the temporary injunction as against the
defendants other than Lowry, said defendants filed a motion for
an award of damages sustained by them, such award to be made
upon the bond for the injunction executed on behalf of the com-
plainant by Thomas Treadway, signing as principal, and Henry
Hapai, signing as surety. Later the said motion was amended.
To the amended motion the complainant and Hapai, the surety,
filed their separate pleas to the jurisdiction of the circuit judge,
sitting at chambers in equity, to award damages upon the bond,
on the ground, among others, that the circuit judge, sitting at
chambers in equity, is without power or authority to assess dam-
ages upon the dissolution of a temporary injunction. These
pleas were overruled and the motion for award of damages, as
amended, was heard, the defendants having withdrawn their
claim for punitive damages, whereupon the circuit judge assessed
the damages of the defendants, other than Lowry, at the sum
of $250, making an order, which, after the preliminary formal
portion, is as follows:

"It is ordered, adjudged and decreed that the sum of $250.
be assessed and awarded to the respondents Billy Orr, Charley
Reisberg, Justin Fitzgerald, Roy McArdle, Johnny Kane,
"Toots" Bliss, Claude Williams, Lou Kennedy, Jim Scott, Ed.
Klepfer, Fred Derrick, Don Rader and Jack Bliss as damages
under the bond offered and given in behalf of complainant here-
in, wherein Thomas G. Treadway is named as principal and
Henry C. Hapai is named as surety and as and for a reasonable
counsel fee of their attorneys in procuring the issuance of the
perpetual writ of prohibition in the Supreme Court of the Terri-

tory of Hawaii prohibiting the enforcing or attempting to enforce said temporary injunction heretofore issued herein.

"It is further ordered, adjudged and decreed that if the respondents Billy Orr, Charley Reisberg, Justin Fitzgerald, Roy McArdle, Johnny Kane, "Toots" Bliss, Claude Williams, Lou Kennedy, Jim Scott, Ed. Klepfer, Fred Derrick, Don Rader. and Jack Bliss shall not be reimbursed by complainant herein, the Honolulu Athletic Park, Limited, for the sum of $250.00 hereinabove assessed and awarded to said respondents within ten days from the entry of the decree, that then and in that event judgment be entered herein in favor of said respondents against Henry C. Hapai for the said sum of $250. so assessed and awarded as aforesaid, which said sum of $250. the said Henry C. Hapai shall be, and he is hereby, charged with and ordered to pay into court to the order of said respondents or their attorneys, Lorrin Andrews and C. H. McBride.

"It is further ordered, adjudged and decreed that said respondents have and recover of and from said Honolulu Athletic Park, Limited, complainant, their costs to be taxed in connection with the above assessment and award."

It will be noted that the order awarding damages to the defendants, other than Lowry, is conditioned upon the failure of the complainant to pay the damages so awarded within ten days from the date of the award. From this order the complainant and Hapai, the surety, have appealed to this court. The order is not a judgment or award against the complainant, the Honolulu Athletic Park, Limited, for damages, but only against Hapai, and that conditioned upon failure of the complainant to pay the award within ten days. By agreement the cause was submitted upon briefs. After examining the record the court entertained doubts as to whether the said order or decree was final and appealable and requested counsel for the respective parties to submit additional briefs upon the proposition as to whether said order or decree is interlocutory or final and appealable. In response to such request additional briefs were filed. The appellant insists that the order is final, and therefore appealable, notwithstanding that something remains

to be done by the court, citing authorities to which we will briefly refer.

In *Mills* v. *Hoag,* 7 Paige Ch. 18, the court held: "The decree was final and not interlocutory, as it finally disposed of the subject of litigation so far as the court was concerned." In *Long* v. *Maxwell,* 59 Fed. 948, it was held that a decree for specific performance, concluding all the rights of the parties, is a final decree, notwithstanding that a conveyance which it directs to be made is to be afterwards presented to the judges for their approval as to its form. In the decision it is said: "The decree of July 20, 1891, was, in our opinion, a final decree, terminating the litigation between the parties and leaving nothing to be done, except to carry it into execution. *Bank* v. *Sheffey,* 140 U. S. 445, 11 Sup. Ct. 755. The reservation for further directions simply related to such execution, and could not be availed of as rendering the decree less final, or leaving open points expressly decided when it was entered." The facts and ruling were similar in the case of *Desvergers* v. *Parsons,* 60 Fed. 143. In *French* v. *Shoemaker,* 12 Wall. 86, an injunction suit, the court found the equities in favor of the plaintiff and perpetually enjoined the defendants from using the name of a certain corporation and from interfering with the reorganization of the corporation by plaintiffs. The decree did not, in terms, dismiss defendants' cross-bill. An appeal was taken, and on motion to dismiss the appeal on the ground that it was not a final decree the supreme court held the decree final, notwithstanding the parties might apply thereafter for further proceedings, and refused to dismiss the appeal. In that case the decree settled the rights of the parties and provided the means of executing the decree. It was there held that the failure to dismiss the cross-bill in express terms did not prevent the decree from being a final one as it found against the contentions of the cross-bill. In the decision the supreme court refers to cases of foreclosure of mortgages, treating the decree in such cases as final and appealable notwithstanding a sale under the decree is to be

reported to the court for confirmation or rejection, and holding that the defendant in such cases should not have to wait until his property had been sold under the decree and the sale confirmed before he could exercise the right of appeal.

The rule enunciated in such decisions is evidently correct for the reason that proceedings after judgment are in the nature of final process for satisfaction of the judgment or decree. (See *Whiting* v. *U. S. Bank,* 13 Pet. 6, 15.) In *Forgay* v. *Conrad,* 6 How. 201, the assignee in bankruptcy of one Banks filed his bill to have declared fraudulent sundry deeds to lands and slaves made to some of the defendants, and recovery of certain money fraudulently received from the bankrupt, praying that the deeds be cancelled. The court held the deeds fraudulent and void and rendered a decree decreeing the deeds void and that the possession of the lands and slaves be delivered to the plaintiff, and that the assignee recover the sum of $11,000 in money, and ordered execution for carrying the decree into effect. In his bill the plaintiff assignee asked an accounting of the profits on the lands and slaves during the time they were wrongfully withheld, and the court in its decree referred the case to a master to take and state an account of the profits received between the date of the filing of the bill and delivery of the lands and slaves to the plaintiff. From the decree the defendants appealed and the plaintiff appellee moved to dismiss the appeal on the ground that the decree was interlocutory and not a final decree from which an appeal could be taken. The supreme court held that the decree was final in so far as it disposed of the controversy as to the validity of the deeds and the possession of the lands and slaves, and therefore appealable, although the cause was retained for the purpose of accounting for profits.

The rule announced in the various Michigan decisions cited in *Hake* v. *Coach,* 63 N. W. (Mich.) 306, cited by appellant, is well shown by the language of the court in *Lewis* v. *Campau,* 14 Mich. 458, where the court, in adverting to the difference between interlocutory and final decrees, at page 460 said: "The

difference between interlocutory and final decrees is this, that in the former further steps are required to be taken to enable the court to adjudicate and settle the rights of the parties, while, under a final decree, the party obtains his rights without any further adjudication on the merits, either by the direct operation of the decree itself, or by means of proceedings of a ministerial character in execution of it."

The correct test for determining whether a judgment or decree is final or interlocutory is well stated by Mr. Black in his work on Judgments, Vol. 1, Secs. 41, 42. When the order, judgment or decree finally determines the rights of the parties as to the controversy, or some material portion thereof, and provides the means of carrying the order, judgment or decree into effect it is final. But "when the further action of the court in the cause is necessary to give completely the relief contemplated by the court, the decree upon which the question arises is not to be regarded as final" (1 Black on Judgments, Sec. 42).

In the case at bar the court expressly directed that the appellees be awarded $250 damages, and that a decree be entered for the same unless the complainant should pay to the appellees or their attorneys, within ten days, such amount awarded. This left the question of whether the complainant had paid, or had not paid, the said award open to be determined by the court, and left the making of the decree for such award to be made thereafter by the court upon a judicial determination that the amount of the award had not been paid by the complainant. This order was, under the authorities, interlocutory and not appealable without the consent of the circuit judge, and this rule is within the decision of this court in the case of *Tax Assessor* v. *Makee Sugar Co.*, 18 Haw. 267. That part of the order directing the appellant Hapai to pay the money into court we regard as a mere direction and as surplusage. The order or decree provides no final process for collecting the damages awarded. The award being made *ex contractu* upon an injunction bond, is a debt, the collection of which cannot be enforced by contempt proceedings

without violating section 10 of the Organic Act. The closing part of the decree awarding the appellees costs, to be taxed against the Honolulu Athletic Park, Limited, in connection with the award of damages, is for no amount of money, and there is nothing in the record showing that such costs have ever been taxed.

There are authorities to the effect that an appeal does not lie from a decree in equity as to the costs merely (*Russell* v. *Farley,* 105 U. S. 433, and cases there cited; 1 Black on Judgments, Sec. 31). Whether this is the correct rule or not we need not decide, but do hold that the order as to the Honolulu Athletic Park, Limited, is not perfect, complete and final. We hold that the order appealed from is not final and appealable, but an interlocutory one from which an appeal cannot be allowed except by the circuit judge.

For the foregoing reasons the appeal is dismissed with costs to the appellees.

*E. C. Peters* and *R. J. O'Brien* for complainant.

*Lorrin Andrews* and *C. H. McBride* for defendants.