## M. KAHUE v. KAHUE PALAUALELO, AND JOE CARILLO, AS GUARDIAN AD LITEM FOR LUKA CARILLO; A MINOR.

### No. 1309.

MOTION TO DISMISS APPEAL.

SUBMITTED FEBRUARY 24, 1921.                    DECIDED MARCH 8, 1921.

COKE, C. J., KEMP AND EDINGS, JJ.

APPEAL AND ERROR—*order overruling motion to open default—interlocutory appeal.*
   A party may not as a matter of right appeal from an order refusing to grant a motion to open default.
SAME—*same—same.*
   An appeal from an interlocutory order must be allowed by the judge of the circuit court as provided for in Sec. 2508 R. L. 1915, and in the absence of such allowance the appeal will be dismissed on motion.

OPINION OF THE COURT BY COKE, C. J.

The petitioner-appellee instituted in the circuit court of the second judicial circuit a suit in equity to cancel a deed. The respondent-appellant, although duly served with process, failed to answer within the prescribed time and upon motion of the petitioner an order was made by the circuit judge declaring him in default. Subsequently the appellant interposed a motion supported by affidavits to open the default. From the decision denying the motion the appellant has appealed to this court. The petitioner now presents a motion to dismiss the appeal on the ground "that this court has no jurisdiction to hear and determine said cause in that the consent of the trial court not having been first obtained there is no valid appeal from the interlocutory decision of the trial court."

Where a respondent duly served with process in an

equity suit fails, within the time required, to demur, plead or answer the usual and recognized method of procedure is for the petitioner to make application for a decree *pro confesso* and not as in law cases for an order of default. Whether that proceeding has been abolished by virtue of the language to be found in the last paragraph of section 2361 R. L. 1915 it is unnecessary for us to decide for in any event the motion must be granted.

The order denying the motion to open the default was clearly interlocutory and an appeal therefrom could not be prosecuted unless the same was allowed by the circuit judge as provided for in section 2508 R. L. 1915. In the present case the appeal has not been allowed by the judge of the circuit court hence the appellant has no standing here. A party may not as a matter of right appeal from an order refusing to grant a motion to open default or refusing to set aside a judgment by default. 6 Ency. Pl. & Pr. 231; *Hitchcock* v. *Superior Court,* 73 Cal. 295; *Schlotfeldt* v. *Bull,* 43 Pac. 33. In *Bond* v. *Haw'n Gazette Co.,* 22 Haw. 60, an interlocutory exception was taken and allowed from the denial of a motion to open and set aside a default. This was in conformity with our statute and in harmony with the recognized rules of appellate procedure, at least so far as law cases are concerned.

The appellant will of course have an opportunity to present the matters now complained of to this court by appeal or error should the final decree herein be adverse to him.

The motion to dismiss the appeal is granted.

*E. Vincent* and *J. W. Kalua* for the motion.

*Wendell F. Crockett* and *E. R. Bevins* contra.