IN THE MATTER OF THE ESTABLISHMENT OF A
RATE BASE, FAIR RATE OF RETURN AND
MATTERS INCIDENTAL THERETO, FOR THE
HONOLULU RAPID TRANSIT COMPANY, LIM-
ITED.

No. 2240.

SUBMITTED DECEMBER 10, 1935.　　　DECIDED FEBRUARY 21, 1936.

COKE, C. J., PETERS, J., AND CIRCUIT JUDGE CASE IN PLACE
OF BANKS, J., UNABLE TO ATTEND
ON ACCOUNT OF ILLNESS.

OPINION OF THE COURT BY COKE, C. J.

The appellant, the Honolulu Rapid Transit Company,
Limited, is and for many years has been a public utility
engaged in the transportation of passengers for hire in
and about the city of Honolulu and as such is under the
jurisdiction of the public utilities commission whose du-
ties and powers are prescribed in chapter 261, R. L. 1935.
It appears from the record that in September, 1924, the
commission established the rate base for the company as
of December 31, 1923, at $3,250,000 and fixed the fair rate
of return thereon at 8% per annum, since which time
neither the rate base nor the rate of return has been re-
adjusted by the commission. In April, 1935, it appearing
to the commission that the rate base as previously fixed
did not represent the true value of the property owned by
the company and employed in its utility business and that

a rate of return of 8% was excessive, it caused to be served on the company a notice to appear before the commission at a day certain to show cause why the rate base should not be adjusted to conform to present values and the rate of return fixed at 7% per annum. To this notice the company interposed a voluminous document which it designated a "return" in which it set forth in detail objections to the proposed investigation upon numerous and divers grounds and concluded with a request that the proceedings be dismissed "and that no valuation, revaluation or adjustment of the company's rate base be made at this time, and that no readjustment or change in the company's rate of return be made at this time."

The commission declined to dismiss the proceedings and directed that the hearing proceed. From this action of the commission the company has perfected an appeal to this court. At the outset counsel for the commission challenges our jurisdiction to hear the appeal on the ground that the so-called order is merely interlocutory and therefore not appealable. Section 7954, R. L. 1935, provides, in part, that "from every order made by the commission under the provisions of this chapter an appeal shall lie to the supreme court in like manner as an appeal lies from an order or decision of a circuit judge at chambers." Section 3501, R. L. 1935, provides, in part, that "appeals shall be allowed from all decisions, judgments, orders or decrees of circuit judges in chambers, to the supreme court * * *." This statute also prescribes the procedure necessary to perfect the appeal. Chapter 53, p. 38, 39 U. S. Stat. L., being an Act of Congress, bringing the appellant as well as other local utilities under the jurisdiction of the territorial commission, provides, "that all acts of the public utilities commission herein provided for shall be subject to review by the courts of said Territory." Because of the generality of its provisions the

Federal statute, standing alone and unaided by any territorial law, would leave a person contemplating an appeal in utmost confusion and uncertainty, both in respect to procedure as well as the court to which recourse should be had. We entertain no doubt that the purpose of the Federal statute was merely to affirm by congressional action the right of appeal granted under the provisions of section 7954, R. L. 1935.

By an unbroken line of decisions beginning with *Paakuku* v. *Komoikehuehu,* 3 Haw. 642, down to the present time this court has held that interlocutory decisions, judgments, orders or decrees of circuit judges at chambers are not appealable. *Barthrop* v. *Kona Coffee Co.,* 10 Haw. 398; *Atcherley* v. *Jarrett,* 19 Haw. 511; *Rodrigues* v. *Correia,* 20 Haw. 563; *Kalanianaole* v. *Liliuokalani,* 23 Haw. 457; *Peabody* v. *Paakaua,* 24 Haw. 250.

The order of the commission in the present case refusing to dismiss the proceedings was clearly interlocutory in its nature and possesses none of the attributes of finality.

We are unable to agree with counsel for the company that the quoted portion of section 7954 should be construed as meaning that an appeal may be taken from every order or act of the commission so long as it is perfected in the manner prescribed by statute for taking appeals from orders or decisions of circuit judges at chambers. If counsel's theory is sound then a utility company under investigation by the commission could, by resorting to a series of appeals from every order or act of the commission, render chapter 261 wholly nugatory. To illustrate: If, in the present case, the appeal should be decided on its merits adversely to the company the cause would be remanded to the commission for further proceedings. The commission would then order the hearing to proceed on a date fixed by it. The company could appeal from this

order to the supreme court and so on *ad infinitum* by successive and interminable appeals, forestall any final conclusion of the proceedings. It would be an absurd construction of the statute to hold that Congress or the legislature intended to place in the hands of every public utility company operating in this Territory a weapon with which it could with impunity destroy the purposes of the legislation.

We pointed out in *Honolulu Gas Co.* v. *Public Utilities Commission, ante* pp. 487, 521, that "A decision by the public utilities commission will be regarded by this court as having the same force and effect as the decision of a circuit judge at chambers." We further believe it was the intent of the legislature and of Congress to make all territorial laws governing appeals from orders and decisions of circuit judges at chambers applicable to appeals from orders of the public utilities commission. In neither case, however, is a mere routine or interlocutory order appealable. For direct authority holding that an appeal taken from an interlocutory order of a public utilities commission is premature and will be dismissed, see *Capital Water Co.* v. *Public Utilities Commission,* 237 Pac. 423.

We are of the opinion, and so hold, that the order in the present case was purely interlocutory and that the appeal is premature and should be dismissed.

Appeal dismissed.

*Robertson & Castle* for the Honolulu Rapid Transit Company.

*J. V. Hodgson,* First Deputy Attorney General, for the Public Utilities Commission.