# JOSEPH RICHARD FRANCONE AND MARION FLORENCE FRANCONE *v.* SAMUEL McCLAY AND ELIZABETH McCLAY.

## NO. 2966.

ARGUED MARCH 4, 1954.                    DECIDED MARCH 15, 1954.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY STAINBACK, J.

A bill in equity was filed in the court below seeking specific performance of a contract to lease certain premises in Honolulu. A demurrer to the bill of complaint was interposed which the chancellor overruled and the respondents were given ten days to answer. The respondents elected to stand on their pleadings and appealed to this court from the decision overruling the demurrer.

Although no question of jurisdiction was raised by the petitioners-appellees during the argument, the court itself raised the question whether it had jurisdiction.

Our statute relative to appeals allows appeals from final decrees only and interlocutory decisions are not appealable unless allowed by the judge as provided in the statute. (*Kahue* v. *Palaualelo,* 25 Haw. 805; *Bankruptcy of Gouveia,* 8 Haw. 253; *Estate of Lutted,* 22 Haw. 712; *Honolulu Athletic Park, Ltd.* v. *Lowry,* 22 Haw. 733; *Barthrop* v. *Kona Coffee Co.,* 10 Haw. 398; *Makainai* v. *Lalakea,* 24 Haw. 518.) As to such being the general rule relative to appeals see: *Hayes* v. *Fisher,* 12 Otto (U. S.) 121; *Brown* v. *Wiley,* 4 Wall. (U. S.) 165; *Jones* v. *Craig,* 127 U. S. 213; *Heirs of De Armas* v. *United States,* 6 Howard (U. S.) 103.

Orders overruling demurrers are interlocutory and not appealable.

In *Barthrop* v. *Kona Coffee Co.,* 10 Haw. 398, it is said: "A decision overruling a demurrer to a bill in equity is not final for the purposes of appeal" and "An appeal in equity should be taken from the decree, not from the opinion, of the court." On page 400 of this opinion it is further stated: "The fact that a demurrer may go to the equities of the whole bill is not of itself sufficient to make a decision overruling it final." In this case Mr. Justice Frear discusses the advantages and disadvantages in allowing an appeal from a ruling on a demurrer and concludes that no substantial rights are lost by not allowing appeals from interlocutory decisions.

In *Makainai* v. *Lalakea,* 24 Haw. 518, the syllabus states: "The filing of a written decision sustaining a demurrer to a bill of complaint in an equity case is not a final decision within the meaning of the law of appeals and an appeal does not lie therefrom. The appeal must be taken from the decree and not from the decision." (See

also *Honolulu Athletic Park, Ltd.* v. *Lowry,* 22 Haw. 733.)

In the case of *Cole* v. *Rustgard,* 68 F. (2d) 316, it is pointed out that the "Test whether decision is 'final' so as to be appealable is whether affirmance by appellate court end suit and leave nothing for lower court to do but execute decree (Jud. Code § 128 [28 USCA § 225] )." To the same effect see *Southland Industries* v. *Federal Communications Commission,* 99 F. (2d) 117.

It is obvious that the "decision" below does not meet this test. Not only would the pleadings require a decree setting forth the terms of the lease in detail including covenants, the amount of money to be paid, but also an accounting to the petitioners for their alleged monthly loss by failure of respondents to perform the contract in July, 1953.

The appellate court is in duty bound to dismiss an appeal on its own motion where it appears from the record that the court was without jurisdiction even though no objection was raised by the opposite party. Lack of jurisdiction cannot be waived or conferred by agreement of the parties.

In the case of *Great Southern Fire Proof Hotel Co.* v. *Jones,* 177 U. S. 449, at 453, it is said: "When this question [of jurisdiction] was suggested at the argument counsel responded that no objection had been urged to the jurisdiction of that court. But the failure of parties to urge objections of that character cannot relieve this court from the duty of ascertaining from the record whether the Circuit Court could properly take jurisdiction of this suit. * * * *Robertson* v. *Cease,* 97 U. S. 646, said: 'The rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception, which requires this court, of its own motion, to deny its own jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all

cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act. On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it. * * *' "

"Jurisdiction of subject matter cannot be waived. * * * If parties do not raise the question the court on its own motion will. * * *" (*Meyer, et al.* v. *Territory,* 36 Haw. 75.)

The appeal is dismissed for lack of jurisdiction.

*R. G. Dodge* (*Heen, Kai, Dodge & Lum* on the briefs) for appellants.

*D. C. Hamilton* (*Henshaw, Conroy & Hamilton* on the briefs) for appellees.