WM. MUTCH *et al.* *vs.* HOLAU *et al.*

APPEAL FROM DECISION OF JUDD, CHANCELLOR.

JANUARY TERM, 1885.

JUDD, C. J.; McCULLY and AUSTIN, JJ.

The time for taking an appeal from a decision at Chambers runs from the date of the decree, not from date of the decision.

Motion to dismiss appeal overruled.

OPINION OF THE COURT, BY McCULLY, J.

ON motion to dismiss appeal.

This case was brought before the Chancellor, who filed his written opinion in favor of the plaintiffs, October 23, 1884. A formal decree in accordance with the findings having been prepared by counsel, was signed by the Chancellor and filed October 25th. The defendants having noted an appeal, completed the necessary steps therefor within ten days from the filing of the decree, but not within ten days from the filing of the opinion. The question to be considered is whether the time allowed for taking appeal runs from date of delivery of the opinion or of signing the decree, when, as in this case, the latter is made on a day subsequent to the former.

It is remarkable that this question has not, to our knowledge, ever before been raised.

It has not been a matter of uniform practice here to follow the opinion or decision of the Court, as written and delivered or filed, by a formal decree. Especially in the earlier years of the existence of the Court was it generally left solely to such note as the clerk made on his record of the effect of the conclusion which the Court arrived at and pronounced in its opinion. And when formal decrees were presented it was often a considerable time after the decision. When appeal was taken it was very much the custom to defer the final closing of the case by decree until after the hearing and decision on the appeal, the time for taking and perfecting appeal being considered to run from the date of rendering the de-

cision. It was only by Rule of Court No. 4 that the time for appeal from "any decision, judgment, order or decree made at chambers" to the Court in banco was limited to ten days, the statute prescribing no time therefor.

But the question now being raised, we have no difficulty in saying that the proceeding before the Chancellor was not concluded before the signing of a decree. The opinion expressed a finding that two certain deeds under consideration were fraudulent, and that a decree would be made accordingly. The definite specific order made and relief granted was prescribed only in the decree. The defendants were bound by the particulars therein expressed, and not liable for anything not covered by the decree.

In this case, as in many others, the specific items are not stated in the judge's opinion. They are the legal result of the general finding. Under the prayers in the bill for certain relief and for such general relief as may be suitable, and by a findng which is in favor of the bill, or to some extent in favor of it, or against the bill, the action of the Court, whatever it is, should be determined and embodied in a decree. It is not enough to intimate that a decree will be made on certain lines; it must be made. It then becomes the solemn and exact arbitrament of the Court, which is not made until this is done. By this all parties are bound, or if it is a case in which appeal may be taken, it is this from which it is taken.

The motion is overruled.

*S. B. Dole*, for plaintiff.

*J. M. Poepoe*, for defendant.

Honolulu, March 23, 1885.