THE UN WO SANG CO. *vs.* T. ALO, *et al.*

On Motion to Strike Case from Calendar.

July Term, 1889.

Judd, C.J., McCully, Preston, Bickerton and Dole, JJ.

An Appeal in Equity was taken before the decree was signed: Held, the appeal is from the decree and not the decision, and in this case it was taken before the matter was appealable.

The Court allowed the appeal to be considered as made *nunc pro tunc* in the interests of justice.

Opinion of the Court, by McCully, J.

The proceedings on a bill in equity in this case having been had before the Chief Justice, he filed, on the 15th of June, a written "decision," concluding with the words "and therefore the bill must be dismissed," signed by the Chief Justice. On the 17th the plaintiffs' counsel filed "notice of appeal:" "The

43

plaintiffs appeal from the decree herein made dismissing their bill of complaint to the Supreme Court in Banco;" and on the 19th paid costs and filed bond as required in appeals. On the 20th was filed a formal decree, concluding that "it is ordered, adjudged and decreed that the plaintiffs' said bill of complaint be and the same is hereby dismissed with costs to the defendant to be taxed," likewise signed by the Chief Justice.

Upon the case being called at the July term session of the Court in Banco, the defendants moved that the case be stricken from the calendar on the ground that there had been no appeal taken from the decree filed June 20th, within ten days (or indeed at all).

## By the Court.

The "decision" of the Chief Justice is in the mode usual in this Court, and in the courts of the other countries whose systems of jurisprudence we follow, in cases where a written opinion is given.

It sets out succinctly the allegations and prayers of the bill and answer, and gives a statement of the evidence, with the result and effect of it upon the mind of the Court, and the conclusions of fact and law to which they lead, which in this case was that the "plaintiffs' bill must be dismissed." Such a decision or opinion might have been, and not infrequently is, rendered orally. The contention of the appellant is that this was a decree or equivalent to a decree; and a sufficient disposition of the case, if no further decree or decision had been signed, to be pleadable in bar of another bill setting forth the matters so decided, and that as a decided case, an appeal might be taken from the decision. The force of this claim lies chiefly in the approximation, in this case, of what is expressed in the conclusion of the opinion to what is set forth in the decree. But while there is approximation, the expression in the opinion does not comprehend, in important particulars, what is pronounced in the decree. The opinion expressed the conclusion that the bill must be dismissed; the decree orders, adjudges and

decrees it to be dismissed and ordains that the plaintiff shall pay the defendant his costs, to be taxed. But it is unnecessary to remark upon the well known differences between the statement of the opinion and legal reasoning of the Court, and the order or decree which is the judgment of the Court and an authoritative portion of the record. The views of the Court thereon have been set forth in *Mutch vs. Holau*, 5 Hawn., 314, and the proper practice prescribed by Rule 8, Sec. E.

The appellants' counsel misconceives the effect of that decision when he says that the time was extended for the completing of the appeal, so as to date only from the filing of the decree, in order to allow the appellants' case to be heard against the objection of the appellee that the appeal was too late. Not so. The Court determined " that the proceeding before the Chancellor was not concluded before the signing of the decree," and so that the appellants' ten days for appeal ran from the date of the decree signed. We hold that the statute, Section 859, which gives an appeal "from any decision, judgment, order or decree made by any Justice at Chambers," to be taken within ten days, by Rule 4, is to be construed to intend an appeal from the decree in cases where by the practice of Courts a decree is required to be made. The term decision imports nothing else than decree, judgment or order. With whatever laxity the word decision may be used by applying it to opinions of the Court, its meaning in reference to appeal proceedings is synonymous with the other terms with which it is joined in the statute.

The appeal taken in this case was therefore taken before the matter was appealable. But in our opinion it will be allowable to consider it as made *nunc pro tunc*. It was already on file when the decree was signed. The Court will grant leave to do things *nunc pro tunc* to answer the purposes of justice, but never to do injustice. We, upon that ground, order that the appeal be entered as of the 20th day of June, and will hear it upon the merits.

*A. S. Hartwell*, for plaintiffs, appellants.

*C. L. Carter* and *P. Neumann*, for defendants, appellees.