*C. Brown*, for plaintiff.

*W. A. Kinney*, for defendant.

# IN THE MATTER OF THE WILL OF KAPIKA WALTERS, deceased.

## APPEAL FROM CIRCUIT JUDGE, SECOND CIRCUIT.

:SUBMITTED JUNE 18, 1895.          DECIDED JUNE 20, 1895.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Exceptions do not lie from a decision of a Circuit Judge at Chambers in Probate to the Supreme Court. Generally an appeal may be taken from a Circuit Judge at Chambers to the Supreme Court, but it must be heard on the evidence taken below and only newly discovered and material evidence introduced.

But if the appeal from a Circuit Judge at Chambers be on the validity of a will or on facts touching the descent of property and the estate exceed the value of $500, the appellant is entitled to appeal to a jury (p. 394 Compiled Laws), and by Chap. 109 Laws of 1892, he cannot appeal to the Supreme Court.

If the appellant in such case desires a re-trial on the facts, he must appeal to the Circuit Court, where he can have a jury at his option or a hearing before the Court, another Judge presiding, and errors of law can then come by exception to the Supreme Court.

When the Circuit Judge at Chambers has made no order refusing probate to an alleged will, the proponent may withdraw an "appeal" taken under the misapprehension that such order had been made.

The time within which an appeal may be taken begins to run from the day the order is made.

### OPINION OF THE COURT BY JUDD, C.J.

An alleged will of one Kapika Walters, deceased, of Lahaina, Maui, was propounded for probate by the devisee before the

Circuit Judge of the Second Circuit Court. The probate was contested and the Clerk's minutes say that "judgment was rendered in favor of contestants, the Court refusing to admit will to probate, and that Susan Kuiee, proponent, by her attorney, has duly perfected an appeal to the Supreme Court in Banco." A Bill of Exceptions signed by the Circuit Judge is on file, which recites that "the Court, finding from the evidence that there was fraud, (and) ordered that a decree be entered in accordance with said judgment and decision, to which judgment, decision, order and decree the proponent duly excepted." There was no order or decree made denying probate of the alleged will. When the case came on to be heard before us, it appeared that Mr. Kinney had been consulted and had prepared and sent from Honolulu to the Circuit Court an "Appeal to the Supreme Court" from the decision, judgment, order and decree rendered in the above cause by the Honorable J. W. Kalua, Circuit Judge of the Circuit Court aforesaid on the 18th day of December, A. D. 1894, by which the will aforesaid was refused probate. This appeal is taken upon all issues of law and fact involved in said cause and upon all findings of law and fact made by the said Judge in said Court."

It now appearing that no order refusing probate had been made by the Circuit Judge, Mr. Kinney, for the proponent, asks leave to withdraw her appeal herein without prejudice.

This leads us to consider what the law is in reference to appeals in probate. The original jurisdiction in probate is in a Circuit Judge at Chambers. Chap. 109 of the Laws of 1892 (p. 312), amends Sec. 69 of the Act to Reorganize the Judiciary Department, and prescribes that "Appeals shall be allowed from all decisions, judgments, orders or decrees of Circuit Judges in Chambers to the Supreme Court, *except in cases in which the appellant is entitled to a jury*," etc.; and it further provides that where an appeal is taken from a Circuit Judge at Chambers to be tried before a jury, another Circuit Judge shall preside at the trial. Section 70 of the Judiciary Act prescribes that appeals from a Circuit Judge at Chambers shall be heard by the

Supreme Court on the record and no new evidence shall be introduced, unless it is clearly newly discovered and material to the just decision of the appeal. Now by the Act of 1864, Compiled Laws, p. 394, an appeal is allowed to the jury from an order of a Judge in probate on the validity of any will or testamentary devise, or any facts touching the descent of property, etc., if the property involved exceeds the value of $500—as in this case. The "appeal" under consideration being of this character, entitles the appellant to a jury, and therefore comes within the exception in Chap. 109, Laws of 1892, and this Court would not be authorized to hear it. If the proponent wishes to have the case retried upon the facts, we know of no way by which it can be done except by appealing to the Circuit Court of the Circuit where the cause arose, at term, where if moved for by proponent a jury would hear it, presided over by a Judge of some other Circuit. Errors of law made at the trial could then come to this Court by exception. "Exceptions" are only applicable to *term* cases. The Bill of Exceptions to this Court allowed by the Circuit Judge in this case would not permit us to hear the case anew upon the facts. The time within which an appeal may be taken from a Judge at Chambers begins to run from the order or decree made. *Mutch v. Holau*, 5 Haw. 314. *Un Wo Sang Co v. Alo*, 7 Haw. 675.

There being no order made in this case, we find no difficulty in allowing the so-called "Appeal" to be withdrawn without prejudice, and as the papers in the cause are here we order them sent back to the Circuit Judge, Second Circuit at Chambers with a direction to make an order in compliance with his decision, and to allow the proponent to take such further proceedings as shall be deemed proper.

*W. A. Kinney*, for proponent.

*J. K. Kahookano*, for contestants.