LOKINAHAMA KAHAI and DAVID KAHAI, her husband, ELENA MALO and DAVID MALO, her husband, and KUKUINUI (w) *v*. KEMALIA KUHIA, A. K. KUHIA and T. A. LLOYD.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED MARCH 22, 1897.      DECIDED MARCH 25, 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

Within ten days after a decision had been rendered by a Circuit Judge at chambers in equity, but before any decree had been presented or signed, the defendants took an appeal to the Supreme Court, paying costs and filing the necessary bond.

Held, that the Circuit Judge was without authority to dismiss the alleged appeal.

Under the Rule of June, 1895, the Circuit Judge might have withheld his
  certificate and then the defendants could have come to the Supreme
  Court to prove the validity and regularity of their appeal.

In this case the Supreme Court, following *Un Wo Sang Co. v. Alo*, 7 Haw.
  R. 673, dismissed the appeal because taken from the decision and
  not from the decree.

### OPINION OF THE COURT BY JUDD, C.J.

In this case the Circuit Judge at chambers, after various
hearings of the evidence in an equity case, declared orally that
he granted the prayer of the bill and would sign a decree accord-
ingly. Counsel for defendants immediately noted an appeal.
This was on the 29th September, 1896. On the 3d October
the defendants' counsel filed an appeal, and on the 8th October
perfected the same by paying costs and filing the required bond
for costs.

On the 19th October the decree was signed by the judge. On
the 26th of January, 1897, counsel for complainants filed a
motion before the same judge to dismiss the appeal, "it appear-
ing from the record that the same has not been perfected, or
the rules of court relative to appeals complied with." De-
fendants' counsel was served with notice, and the matter came
on to be heard on the 29th January, and the Circuit Judge dis-
missed the appeal on the ground that the appeal was taken before
the filing of the decree, and was not taken from the decree but
from the ruling of the court, and that no appeal has been noted
from the decree.

On request, the judge on the 5th February signed a certificate
that he allowed defendants to appeal from his order dismissing
their appeal. This case comes to us in this condition. We think
the order dismissing the appeal was irregular. Questions as to
the validity of an appeal, which in the view of the appellant is
completed, are cognizable only by the Appellate Court.

But by the rule of court of June, 1895, the Circuit Judge
can withhold his certificate of the completion of the appeal.
If he had done so in this case the defendants, contending for

the validity of their appeal, could under the same rule have brought the matter to this court to determine whether the certificate was properly withheld.

But the question of the validity of the alleged appeal being now before us, we hold that the appeal is invalid, because taken from the decision and not from the decree. We so held in *Un Wo Sang Co. v. Alo*, 7 Haw. Rep. 673.

Appeal dismissed.

*J. A. Magoon* and *W. S. Edings*, for complainants.

*J. K. Kaulia*, for defendants.