L. L. McCANDLESS v. GEORGE R. CARTER, GOVERN-
OR OF THE TERRITORY· OF HAWAII AND
JAMES W. PRATT, COMMISSIONER OF PUBLIC
LANDS OF THE TERRITORY OF HAWAII.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED JANUARY 24, 1907.    DECIDED JANUARY 24, 1907.

FREAR, C.J., HARTWELL AND WILDER, JJ.

EFFECT OF APPEAL—*on jurisdiction of lower court.*
    A circuit judge is without jurisdiction to vacate a decree after
    an appeal from it has been allowed and taken to the supreme
    court, even though the allowance of the appeal was discretionary
    with him.
NOTICE ON SETTLEMENT OF DECREE AND ALLOWANCE OF APPEAL—*effect of
    failure to give.*
    An interlocùtory decree and order allowing an appeal from it
    may be prepared by the losing party and presented by him to the
    circuit judge for signature and allowance without notice to the
    opposite party—though ordinarily that would not be in accordance
    with the better practice; mere failure to give such notice, no
    injustice resulting, does not call for the dismissal of the appeal.
CONFORMITY OF DECREE WITH OPINION—*omission of leave to answer over.*
    In an interlocutory decree overruling a demurrer it is unneces-
    sary to include a clause giving leave to answer over, even though
    that was included in the opinion, and especially if an appeal is to
    be allowed from the decree; the omission of such clause though
    unintentional is not ground for dismissing the appeal.

ORAL OPINION.

This is a bill for an injunction. The circuit judge filed an
opinion overruling a demurrer and allowing ten days for answer-
ing. The respondents, however, prepared a form of decree over-

ruling the demurrer but omitting leave to answer over and obtained the judge's signature to it as well as to an allowance of an appeal from it ex parte—informing the judge, in response to the latter's inquiry, that he had not submitted the form of decree or order allowing the appeal to opposite counsel and that he did not deem it necessary to do so. Subsequently, the appeal having been perfected and the case brought to this court and placed on its calendar, the circuit judge, on complainant's motion, signed an order vacating the decree and the order allowing the appeal—on the ground apparently that that decree and order had been signed inadvertently without previous notice to opposite counsel.

The complainant now moves this court to dismiss the appeal on the grounds in substance, that the decree and the order allowing the appeal have been vacated, that they were obtained ex parte, and that the decree was not in conformity with the opinion. Counsel for the movant having been heard the following opinion was rendered orally without calling upon opposing counsel:

FREAR, C.J. One ground of the motion to dismiss is that the circuit judge has signed an order vacating the decree appealed from. When that order was signed the decree had been signed by the judge, the appeal from it had been allowed by him and had been perfected, and the case had been brought to this court and placed upon the calendar of this court. The attempt to vacate the decree, it goes without saying, was ineffectual. The circuit judge had lost jurisdiction of the matter so far as the appeal to this court is concerned. It is true it is discretionary with him whether to allow an appeal from an interlocutory order or not, but, having allowed it and the case having passed from his jurisdiction, he had no further control over it. He could not deprive this court of jurisdiction at that stage any more than he could after the case had been submitted in this court or even after it had been decided in this court.

The question, however, remains whether this court should dismiss the appeal for the other reasons stated, which are, in substance, that notice was not given to the opposite party of the

intention to present a decree for signature and to apply for an allowance of an appeal from that decree; and that the decree as signed does not conform to the opinion. No doubt this court can remedy any wrong that might be done through failure to give notice to opposing counsel in cases of this sort or through unintentional nonconformity of a decree with an opinion. But the question now is whether the circumstances in this instance are such as to call for a dismissal of the appeal even if the court might be required to dismiss an appeal or might deem it advisable to do so in the exercise of its discretion under some circumstances. The decree and the order allowing the appeal certainly were not void. The fact that notice was not given to the opposite party did not affect the jurisdiction of the trial judge to sign the decree or to allow the appeal. True, it is correct practice and the better practice—a practice which ordinarily should be observed and which usually is observed—to give notice, and the court does not for a moment wish to be taken as commending the course that was pursued in the present case,—but what is the result? It is not necessary for the prevailing party to prepare the decree in all cases; it is his duty to do so but he often neglects that duty, as the records of the courts here show. It may be, in case of such neglect, eminently appropriate and even necessary for the losing party to prepare the decree. He may have to do that in order to appeal. The judge himself may prepare the decree, and it is not incumbent upon him to give notice to either party; he may prepare his decree and sign it without giving such notice just as he may prepare his opinion and sign it without giving notice—although it is not usual to do so and ordinarily it is better not to do so. For the circuit judge to set aside a decree or this court to dismiss an appeal merely for want of such notice—merely for failure to observe a formality of practice—without any question as to jurisdiction, without any question as to substantial justice, would be to trifle with important matters, with solemn decrees.

Now in regard to the question of the nonconformity of the decree with the opinion. The nonconformity was in an unessen-

tial point. It was entirely within the discretion of the trial judge to sign just such a decree notwithstanding the clause in his opinion in regard to answering over. It was for him to settle the form of the decree. If, as he understood at the time, the losing party desired to appeal and he was to allow an appeal from the decree, it was highly proper for him to omit that clause. This court then upon filing its decision could make an appropriate. order as to answering over or as to any other proceedings that might properly be taken subsequently before the circuit judge. It does not affect the merits of the case, the justice of the case, it does not affect the rights of the winning party in the case below in the least that that clause was omitted from the decree.

The motion is denied.

*G. D. Gear* and *A. G. M. Robertson* for plaintiff.

*E. C. Peters, Attorney General,* and *F. W. Milverton, Deputy Attorney General,* for defendants.