## JOHN K. SUMNER *v.* A. V. GEAR.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED AUGUST 1, 1910.                    DECIDED AUGUST 10, 1910.

PERRY AND DE BOLT, JJ., AND CIRCUIT JUDGE COOPER
IN PLACE OF HARTWELL, C.J.

EQUITY—*decree.*

A decree bearing date July 1, but signed and filed on July 7, takes effect on the latter date and not before.

If the form of decree was actually signed on July 1, but not filed until July 7, it did not take effect as a decree until the latter date.

ID.—*appeal.*

An appeal filed on July 5, purporting to be from a decree rendered on July 1, but which decree was not signed and filed until July 7—at least not filed until the latter date, was premature and invalid.

#### OPINION OF THE COURT BY DE BOLT, J.

This cause came before us on complainant's motion to have the interlocutory appeal of respondent placed on the calendar and dismissed for want of prosecution. While counsel were arguing this motion the court suggested the question as to

whether or not the appeal was taken prematurely, and this latter question also was argued.

It appears from the record sent up that while the cause was pending before the circuit judge on complainant's bill and respondent's demurrer, respondent, on July 5, 1910, filed his notice of appeal "from the decree   *   *   *   rendered in said cause upon the 1st day of July, 1910, overruling the demurrer," which appeal was allowed by the circuit judge.

The record also shows that on July 7, two days after the notice of appeal had been filed, the circuit judge signed and filed a decree, dated July 1, overruling the demurrer.

If the form of decree was actually signed on July 1, but not filed until July 7, it did not take effect as a decree until the latter date. Respondent contends, however, that this decree should be considered as having been entered on July 1. He bases this contention upon the ground that the circuit judge orally overruled the demurrer on that day and that the decree having been dated the same day, it follows that it should be considered as having been entered accordingly, although actually signed by the circuit judge and filed on July 7.

While the power to enter judgments, decrees, and orders *nunc pro tunc* in furtherance of justice is inherent in the courts, both at law and in equity, and is not dependent for its existence upon any statute, still, the exercise of this power may not be invoked as a matter of course, but is governed by well defined rules.

It would seem that before one has the right to invoke the exercise of this power it should be made to appear affirmatively that the delay was occasioned either by the court or by the opposite party, and not by the party himself. See 1 Freeman on Judgments, Ch. III; *Gray* v. *Brignardello,* 1 Wall. 627, 636; *Mitchell* v. *Overman,* 103 U. S. 62, 64, 65; 16 Cyc. 475, 476; and 5 Ency. P. & P. 951.

In the case before us it does not appear that either the court

or the complainant was in any way to blame for or occasioned the delay. It was within the power, as well as the duty, of respondent to seasonably prepare and present a draft of the proposed decree to the judge for signing and filing. Having failed so to do he has no reason now to complain. See 5 Ency. P. & P. 1033, 1034, 1035; *McCandless* v. *Carter*, 18 Haw. 218, 220.

Respondent also contends that his appeal is good on the ground that an appeal lies from the supposed oral order of the circuit judge, which he claims was made and noted by the stenographer on July 1, overruling the demurrer. Be that as it may, we cannot now consider that question as the supposed oral order or ruling was not made a part of the record sent up, hence, it is not before us. In this respect the record fails to show that any order, ruling, decision or decree was made or entered on July 1, or at any time prior to July 7.

Hence, from whatever point we view this appeal the conclusion seems inevitable that it is invalid, because not taken from the decree actually filed and entered, nor from any decree. So far as the record before us shows, at the time respondent filed his notice of appeal, no decree had been made or entered. His appeal was premature. See 2 Cyc. 805; 5 Ency. P. & P. 1046; *Mutch* v. *Holau*, 5 Haw. 314; *Un Wo Sang Co.* v. *Alo*, 7 Id. 673; *In re Estate of Walters*, 10 Id. 25, 27; *Barthrop* v. *Kona Coffee Co.*, 10 Id. 398; *Kahai* v. *Kuhia*, 11 Id. 3, and *Farley* v. *Makee Sugar Co.*, 18 Id. 267.

The motion to dismiss for want of prosecution need not be considered. The appeal is dismissed for the reasons stated in the opinion.

*W. W. Thayer* for plaintiff.

*W. S. Edings* for defendant.