## HANNAH MAKAINAI *v.* SOLOMON K. LALAKEA, ET AL.

### Nos. 1115 and 1125.

### MOTIONS TO DISMISS.

ARGUED NOVEMBER 12, 1918.            DECIDED NOVEMBER 18, 1918.

### COKE, C. J., KEMP AND EDINGS, JJ.

EQUITY—*appeal.*

> The filing of a written decision sustaining a demurrer to a bill of complaint in an equity case is not a final decision within the meaning of the law of appeals and an appeal does not lie therefrom. The appeal must be taken from the decree and not from the decision.

SAME—*same—filing of appeal.*

> A notice of appeal from a decision in an equity case filed before the entry of the decree will not be ordered by this court filed as of the day of the entry of the decree.

SAME—*same—time of filing notice of appeal.*

> R. L. Sec. 2508 provides that notice of appeal shall be filed within five days after the filing of the decision, judgment, order or decree appealed from. A notice of appeal not filed within the statutory time is invalid and upon motion will be dismissed.

### OPINION OF THE COURT BY KEMP, J.

This case, a bill in equity, was pending before the judge

of the fourth judicial circuit. A demurrer to the bill of complaint was interposed and on June 14 the judge rendered a written decision sustaining the demurrer. On June 17 the complainant filed a notice of appeal and appeal from "that certain decision sustaining demurrer filed in the above entitled court and cause, on the 14th day of June, 1918" and duly perfected said appeal. Thereafter on July 25 a formal decree sustaining the demurrer and dismissing the bill of complaint was filed and on July 31 the complainant filed a notice of appeal and appeal from "that certain decree, sustaining demurrer filed in the above entitled court and cause, on the 25th day of July, 1918" and duly perfected said appeal.

The respondent has interposed a motion in each of said appeals seeking a dismissal thereof, the first on the ground that the appeal is from the decision and not from the decree, and the second on the ground that the notice of appeal was not filed within five days after the filing of the decree and it is upon these motions that the case is now before us.

In support of his motion in the first case the respondent has cited *Un Wo Sang Co.* v. *Alo,* 7 Haw. 673, and relies upon it as the leading and pioneer case in this jurisdiction upon the question here involved. In that case, a proceeding on a bill in equity, in ruling upon a demurrer to the bill, the judge filed a written decision concluding with the words "and therefore the bill must be dismissed." Notice of appeal was filed. The notice was that plaintiffs "appeal from the decree herein made dismissing their bill of complaint." The further steps necessary to perfect an appeal were taken. Thereafter a formal decree was entered concluding with "it is ordered, adjudged and decreed that the plaintiffs' said bill of complaint be and the same is hereby dismissed with costs to the defendant to be taxed." In that case the contention of the appellant was

that the decision, so-called, was a decree or equivalent to a decree and a sufficient disposition of the case if no further decree or decision had been filed to be pleadable in bar of another bill setting forth the matters so decided and that as a decided case, an appeal might be taken from the decision. In discussing this contention of the appellant the court said: "The force of this claim lies chiefly in the approximation, in this case, of what is expressed in the conclusion of the opinion to what is set forth in the decree. But while there is approximation, the expression in the opinion does not comprehend, in important particulars, what is pronounced in the decree. The opinion expressed the conclusion that the bill must be dismissed; the decree orders, adjudges and decrees it to be dismissed and ordains that the plaintiff shall pay the defendant his costs, to be taxed. But it is unnecessary to remark upon the well known differences between the statement of the opinion and legal reasoning of the court, the order or decree which is the judgment of the court and an authoritative portion of the record. * * * We hold that the statute, Section 859, which gives an appeal 'from any decision, judgment, order or decree made by any justice at chambers,' to be taken within ten days, by Rule 4, is to be construed to intend an appeal from the decree in cases where by the practice of courts a decree is required to be made. The term decision imports nothing else than decree, judgment or order. With whatever laxity the word decision may be used by applying it to opinions of the court, its meaning in reference to appeal proceedings is synonymous with the other terms with which it is joined in the statute" (pp. 674, 675).

The decision in the case at bar does not contain language which approximates the language used in the decree. In the decision, the judge after setting forth his views at length on the question raised by the demurrer

concludes with "I am of the opinion that the demurrer should be sustained and it is so ordered."

In this case, as in the case from which we have just quoted, a decree was entered after the appeal had been perfected, in that case purporting to be from the decree but in this case purporting to be from the decision, and in the decree in this case it is "ordered and decreed that the demurrer to the said second amended bill of complaint be and the same is hereby sustained and that said second amended bill of complaint be and the same is hereby dismissed, and that the petitioner pay the costs of this court in the sum of $39.00."

We think it is clear, and we hold, that the rendition of the decision by the judge was not a conclusion of the matter before him and that the petitioner at any time before the entry of the decree dismissing her bill might have procured permission from the judge to further amend her bill of complaint. It was therefore not a final decision within the meaning of the law of appeals and an appeal does not lie therefrom. The appeal must be taken from the decree and not from the decision. *Mutch v. Holau,* 5 Haw. 314; *In re estate of Walters,* 10 Haw. 25; *Barthrop v. Kona Coffee Co.,* 10 Haw. 398; *Kahai v. Kuhia,* 11 Haw. 3; *Tax Assessor v. Makee Sugar Co.,* 18 Haw. 267.

However, in the case of *Un Wo Sang Co. v. Alo,* notwithstanding the court's holding that the appeal was premature, in view of the fact that the notice of appeal was on file when the decree was entered, the appeal was ordered entered as of the day of the entry of the decree and the motion to dismiss the appeal was denied.

Counsel for complainant insists that, if we should hold that her appeal should have been taken from the decree instead of from the decision, we should then order her appeal entered as of the date of the entry of the decree and deny the motion to dismiss. It seems to us that the

rules governing the entry of decrees, judgments and orders *nunc pro tunc* can have no application to this case, though the court in the case referred to seems to have relied upon those rules as justifying its action in that case. The term *nunc pro tunc* signifies or means "now for then" or that a thing is done now that shall have the same legal force and effect as if done at the time it ought to have been done. The doctrine seems to apply to delays of the court and not to premature actions of the parties. Where through no fault of the complaining party some act which the court must perform is not done at the time it ought to be done, the court, in the interest of justice, may and should presently do or perform that act as of the date it should have been done (Words & Phrases, Vol. 5; Freeman on Judgments, 3 ed., Sec. 56).

But even if the facts before us are such as warrant the application of the rules governing the entry of decrees *nunc pro tunc* yet the complainant has not brought herself within those rules. Before one has the right to invoke the exercise of this power it should be made to appear affirmatively that the delay was occasioned either by the court or the opposite party and not by the complaining party. But that is not this case. It does not appear that the judge or the respondent was in any way to blame for complainant filing her notice of appeal and appeal prior to the entry of the decree, or for the decree not having been filed immediately after the filing of the decision. It was within her power to seasonably prepare and present for signing and filing a proper draft of decree carrying out the findings of the judge expressed in his decision. *Sumner* v. *Gear,* 20 Haw. 219, 221.

It will also be seen that if we were to grant the complainant's request that this notice of appeal be ordered filed as of the day of the entry of the decree we would still be confronted with the fact that it does not purport

to be an appeal from the decree but purports to be an appeal from the decision and complainant would be in no better position than she now is.

In so far as the case of *Un Wo Sang* v. *Alo, supra,* may be considered authority for the action we are asked to take in ordering the refiling of the notice we decline to follow it.

In the second case the motion to dismiss is based upon the ground that the notice of appeal was not filed within five days after the filing of the decree.

Our statute provides that "Appeals shall be allowed from all decisions, judgments, orders or decrees of circuit judges in chambers, to the supreme court * * * whenever the party appealing shall file notice of his appeal within five days, and shall pay the costs accrued, and deposit a sufficient bond in the sum of fifty dollars, conditioned for the payment of the costs further to accrue in case he is defeated in the appellate court, or money to the same amount, within ten days after the filing of the decision, judgment, order or decree appealed from" (R. L. Sec. 2508).

The record before us only shows inferentially when the decree and notice of appeal therefrom were filed. The clerk of the circuit court has failed to include as part of the various instruments comprising the record the endorsements thereon. In this he was derelict in his duty. But for the recital in complainant's notice of appeal that the decree was filed on July 25, and the date of the execution of her notice of appeal as July 31, together with the statement of respondent's counsel and apparently acquiesced in by complainant's counsel, we would not be in position to pass upon this motion. In the future the clerk should be more thorough in the preparation of records on appeal. However, assuming that the decree in this case was filed upon July 25 and the notice of appeal therefrom was filed

on July 31, more than five days elapsed between the filing of the decree and the filing of the notice of appeal therefrom. A notice of appeal not filed within the statutory time is invalid and upon motion of appellee will be dismissed.

Both motions should be granted and the appeals dismissed and it is so ordered.

*W. H. Smith* for the motions.

*J. Lightfoot* contra.