IN THE MATTER OF THE ESTATE OF ROWLAND MANSBRIDGE, DECEASED.

No. 1633.

RESERVED QUESTION FROM CIRCUIT JUDGE FIRST CIRCUIT. HON. R. J. O'BRIEN, JUDGE.

SUBMITTED MARCH 5, 1926.                    DECIDED APRIL 8, 1926.

PERRY, C. J., LINDSAY AND BANKS, JJ.

APPEALS TO JURY—*probate—statutes.*

> Sections 2369 and 2370, R. L. H. 1925, do not require a probate judge at chambers to render a written decision as distinguished from a final order or judgment.

SAME.

> In section 2477, R. L. H. 1925, the word "decision" is synonymous with judgment, order or decree and under this section no appeal lies from the decision of the probate judge at chambers but from his final order or judgment.

OPINION OF THE COURT BY BANKS, J.

This case comes up on a reserved question. It appears from the record that Rowland Mansbridge, on the 21st day of September, 1924, executed his last will and testament nominating the Bishop Trust Company, Limited, as executor. The testator died in the City and County

of Honolulu on the 27th day of September, 1924, leaving property, both real and personal, of considerable value, in the Territory of Hawaii. On the 8th day of October, 1924, the Bishop Trust Company, Limited, filed a petition in the circuit court of the first judicial circuit, praying that the said will of Rowland Mansbridge be admitted to probate and that letters testamentary be issued to the petitioner. On the 21st day of November, before the hearing of the petition, Mamie Agnes Rankin and George Mansbridge, claiming to be the lawful children of Rowland Mansbridge, filed a contest of the will on the ground that the testator was not of sound and disposing mind at the time he executed the document in question. On the 15th day of December, 1924, the petition for probate was heard before the Honorable Frank Andrade, judge of the circuit court of the first judicial circuit, sitting in probate. On the 16th day of December the court signed the usual order finding the facts necessary to the admission of the will to probate and appointing the Bishop Trust Company, Limited, executor. On the same day that this order was signed and in pursuance thereof letters testamentary were duly issued to the Bishop Trust Company, Limited. On the 19th day of December the probate judge signed the following decision: "The petition of Bishop Trust Company, Limited, an Hawaiian corporation, praying that a document offered and propounded as and for the last will and testament of Rowland Mansbridge, deceased above named, be admitted to probate and that it be appointed executor to act without bond under said will, came on duly for hearing before me on the 15th day of December, 1924, and after hearing the evidence of the witnesses on behalf of said petitioner and being fully advised in the premises, the said petitioner being represented by Messrs. Robertson & Castle, and the contestants, Mamie Agnes Rankin, for-

merly Mamie Agnes Mansbridge and George Mansbridge being represented by Messrs. Brown, Cristy & Davis, I find, adjudge and decide from the evidence that the petitioner has established all of the material allegations of its petition and that the document propounded was duly executed according to law and is the last will and testament of Rowland Mansbridge, deceased, and that said Rowland Mansbridge, deceased, was of sound and disposing mind at the time he executed the same and that the same is entitled to be admitted to probate and that the Bishop Trust Company, Limited, is entitled to be appointed executor of said will to act without bond and it is so ordered. And it is further ordered that said executor file a written inventory according to law within thirty (30) days and give notice to creditors according to law." From this decision the contestants of the will took an appeal to the circuit court and on the 6th day of January, 1925, filed in the circuit court a motion for a trial by jury of the facts involved in their contest. The Bishop Trust Company filed a motion to strike the contestants' motion for a jury trial and to dismiss the appeal. The objection to the demand for a jury trial was on the ground that it was not made within the time provided by R. L. H. 1925, section 2369. That part of the motion relating to the dismissal of the appeal was based on five separate grounds, only two of which need be considered, the remaining ones having been expressly abandoned. At this stage of the proceedings the court below reserved the following question to this court: "Should said motion of Bishop Trust Company, Limited, proponent and executor, to strike contestants' motion of January 6, 1925, and to dismiss their appeal be granted upon any or all the grounds therein set forth?"

There is no question of the contestants' right to an appeal to the circuit court. This right is fully conferred

by statute. The only question is whether the appeal was properly taken. It will be observed that it was taken, not from the final order of probate which was signed by the presiding judge on December 16, but from a decision which was signed on December 19 as of December 15. This is quite clear from the contestants' "Appeal and Notice of Appeal" which declares that the appeal is taken from "the decision of the Honorable Frank Andrade, First Judge of the First Judicial Circuit, Territory of Hawaii, sitting at chambers in probate, rendered, made and entered in the above entitled matter on the 19th day of December, 1924, as of the 15th day of December, 1924." Was this decision required by statute and therefore indispensable? It is contended by the contestants that it was required by statute and therefore indispensable. In support of this contention we are directed to sections 2369 and 2370, R. L. H. 1925, which are as follows:

"Sec. 2369. Demand for jury. Either party to a civil suit may demand a trial by jury by a written document filed in court within ten days after the case is at issue; provided, however, that if no such demand shall be made for a trial by jury parties to the cause shall be deemed to have waived trial by jury."

"Sec. 2370. Decision by court in writing. In such case the court shall hear and decide the cause, both as to the facts and the law, and its decision shall be rendered in writing stating its reasons therefor. If the taking of an account be necessary to enable the court to complete its judgment a reference may be ordered for that purpose."

These sections are found in chapter 141 of the Revised Laws which relates solely to procedure in term cases. They have no application to matters heard and determined in probate. It may be conceded that such matters as the appointment of executors and administrators, the

probate of wills, the allowance of accounts and various other steps necessary to the administration of the estates of deceased persons are civil as distinguished from criminal matters, yet it would hardly be contended that they are civil in the sense that the procedure by which ordinary civil suits must be heard and determined is applicable to them.   The same is true of suits in equity.   In the great division of actions into criminal and civil, suits in equity clearly fall within the latter class.   This, however, does not require that they be tried according to the statutory rules relating to civil actions.   For instance, section 2369, R. L. H. 1925, provides that either party to a civil suit may demand a trial by jury.   The right to a jury trial is not by this section conferred on parties to a suit in equity although it is in a broad sense a civil suit.   Likewise, section 2370, which requires a written decision in jury-waived cases, is not applicable to suits in equity which are tried by the court without a jury.

The kind of civil suits referred to in the sections above quoted are the ordinary term cases in which the parties may have a jury trial at the option of either of them. We conclude, therefore, that there is nothing in section 2370 which makes it necessary for the probate judge to render a decision in writing.

It is contended by the contestants, however, that section 2477, R. L. H. 1925, also requires the probate judge to render a written decision in contested will cases and that under this section if an appeal is taken to the circuit court it must be taken from the decision and not from the final judgment or order.   This section is as follows: "Whenever the value of the estate of any deceased person shall exceed five hundred dollars, any person claiming, before any judge, sitting as a court of probate, such estate, or any part thereof, or any interest therein, by

virtue of any will or testamentary devise, or by virtue of the statutes of descent of property in the Territory, who may deem himself aggrieved by the decision of such probate judge at chambers, may, upon taking his appeal to the circuit court, if any matter of fact is in issue, move the appellate court that the issue of fact may be tried by a jury, and his motion shall not be denied."

When a will is offered for probate its validity may of course be contested by any one having sufficient legal interest in the decedent's estate. Upon the trial of the issues presented the probate judge who hears the contest in the first instance must judicially decide whether the will is valid or invalid. In other words, he must enter a final judgment either admitting the will to probate or refusing to admit it to probate. Appealable judgments, or orders as they are commonly designated, rendered by the probate court must have the same finality and mandatory quality that are essential to the judgments or decrees of other courts of record. A decision of the judge, although given in writing, that from the evidence before him he is of the opinion the will should be admitted to probate and that letters testamentary should be issued to the executor therein named, without an order that these things be actually done, is not a final judgment from which an appeal can be taken. Appeals, unless they are interlocutory, must be taken from the final order or decree of the court. The term "decision" as used in section 2477 is synonymous with judgment or order and it is from the judgment or order and not from the decision of the probate judge that the appeal in the present case should have been taken. This view is greatly strengthened by section 2478, R. L. H. 1925, which is as follows: "Whensoever an appeal may have been taken by the party against whom judgment has been rendered by the judge of probate at chambers, the appellee may like-

wise move the court that any issue of fact may be tried by a jury, and his motion shall not be denied." Section 2477 and section 2478 relate to the same subject, namely, appeals from the probate judge at chambers to circuit courts, and must therefore be construed together. It will be observed that in section 2477 the right of appeal and jury trial are vested in any one who "deems himself aggrieved by the *decision*" of the judge. In section 2478 it is provided that in the event an appeal is taken by a party against whom *judgment* has been rendered, namely, the aggrieved party, the appellee is likewise entitled to a jury trial. Reduced to its simplest terms, section 2478 means that if the aggrieved party takes an appeal from the *judgment* rendered against him the party in whose favor the *judgment* was rendered also has the right to a jury trial. If it had been the legislative intent to differentiate between "decision" and "judgment" it would not have been guilty of the solecism of providing for an appeal from the "decision" of the judge in one section and for an appeal from the "judgment" of the judge in the other. The relation of these two words to a common subject is so apparent that they may be construed as though they stood in juxtaposition in the same section. In section 2509, R. L. H. 1925, which relates to appeals from circuit judges in chambers, the words *"decisions, judgments, orders* or *decrees"* do appear in juxtaposition. The portions of this section which are pertinent to the question now under consideration are as follows: "Appeals shall be allowed from all *decisions, judgments, orders* or *decrees* of circuit judges in chambers, to the supreme court, except in cases in which the appellant is entitled to appeal to a jury  *  *  *."  In a subsequent clause of the section it is provided that "in any case in which the law allows an appeal from the *decision, judgment, order* or *decree* of a judge in chambers to be tried before a

jury, the judge whose *decision, judgment, order* or *decree* is appealed from shall not preside at the trial of such appeal before a jury \* \* \*." This court has frequently construed the word *"decision"* as used in this section and has without exception held it to be synonymous with *"judgment, order* or *decree."* It has also held in this connection that appeals lie only from final *judgments, orders* or *decrees* and not from mere decisions or opinions which do not possess the prerequisites of the final mandate of the court.

In *Un Wo Sang* v. *Alo*, 7 Haw. 673, at 675 the court said: "The term decision imports nothing else than decree, judgment or order. With whatever laxity the word decision may be used by applying it to opinions of the court, its meaning in reference to appeal proceedings is synonymous with the other terms with which it is joined in the statute." The appeal in this case was taken from the decision or opinion of the court sustaining the demurrer to a bill in equity and in commenting on the distinction between this opinion and a final decree the court said: "It sets out succinctly the allegations and prayers of the bill and answer, and gives a statement of the evidence, with the result and effect of it upon the mind of the court, and the conclusions of fact and law to which they lead, which in this case was that the 'plaintiffs' bill must be dismissed.' Such a decision or opinion might have been, and not infrequently is, rendered orally. The contention of the appellant is that this was a decree or equivalent to a decree; and a sufficient disposition of the case, if no further decree or decision had been signed, to be pleadable in bar of another bill setting forth the matters so decided, and that as a decided case, an appeal might be taken from the decision. The force of this claim lies chiefly in the approximation, in this case, of what is expressed in the conclusion of the opinion to what

is set forth in the decree. But while there is approximation, the expression in the opinion does not comprehend, in important particulars, what is pronounced in the decree. The opinion expressed the conclusion that the bill must be dismissed; the decree orders, adjudges and decrees it to be dismissed and ordains that the plaintiff shall pay the defendant his costs, to be taxed. But it is unnecessary to remark upon the well known differences between the statement of the opinion and legal reasoning of the court, and the order or decree which is the judgment of the court and an authoritative portion of the record."

In *Makainai* v. *Lalakea*, 24 Haw. 518, which was also an appeal from a decision sustaining a demurrer to a bill in equity, the same conclusion was reached. In this case as in the case at bar the decision from which the appeal was taken, after finding certain facts and declaring that a certain thing should be done, ended with the expression "and it is so ordered." The court in holding that the decision was not a final decree and was therefore not appealable said at page 521: "We think it is clear, and we hold, that the rendition of the decision by the judge was not a conclusion of the matter before him and that the petitioner at any time before the entry of the decree dismissing her bill might have procured permission from the judge to further amend her bill of complaint. It was therefore not a final decision within the meaning of the law of appeals and an appeal does not lie therefrom. The appeal must be taken from the decree and not from the decision." (See also cases cited.)

There is no claim made by the contestants that the decision in the instant case is in substance and effect a final order and therefore that the appeal was properly taken. On the contrary their position is that the decision is separate and distinct from the final order and that

under the law they could appeal only from the former. The argument is advanced that in an appeal from a final judgment the form of the judgment can alone be reviewed. This is not accurate. The cases cited in support of this contention are jury-waived cases in which the court was required by statute to render a written decision as distinguished from a final judgment and are therefore not applicable. But as we have already concluded, it is not necessary for the probate judge to render a decision as distinguished from a final order and therefore an appeal to the circuit court from the final order or judgment takes up the whole case. This is also true of appeals from final decrees in equity.

Even if the decision in the present case was in all its essentials the equivalent of a final order the appeal taken by the contestants would nevertheless be ineffectual. A final order had already been signed by the probate judge and letters testamentary issued in obedience thereto before the decision was rendered. This final order was signed on December 16 and the decision was not signed until December 19. Therefore there was no necessity for the decision even though it should be treated as a final order. The entire matter of the probate of the will was concluded by the entering of the order of December 16. Legally there cannot be two final orders covering the same matter. If in fact such an absurdity should be committed the order first entered would be recognized as the judgment of the court and the latter one would be superfluous and therefore a mere nullity.

That part of the reserved question, therefore, relating to the motion of the proponent and executor to dismiss the appeal is answered in the affirmative. We deem it unnecessary to answer the remaining part of the question.

*Robertson & Castle* for proponent.

*Brown, Cristy & Davis* for contestants.