## CLARENCE Y. OGATA *v.* MARY CLEVELAND OGATA.

### No. 1845.

ARGUED OCTOBER 10, 1928.                    DECIDED OCTOBER 19, 1928.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is a suit for divorce instituted by the husband on the ground of the desertion of the wife. The parties were married on the Island of Molokai on March 27, 1927, and the desertion is claimed to have commenced on April 14 of the same year. The residence of the parties was on Molokai. The libelee filed no answer and did not appear at the trial in the court below. The testimony of

the husband having been taken, the circuit judge filed a "decision" reading as follows: "Counsel for libellant having notified the court that he is not desirous of filing any brief or memorandum in this case but is willing to submit the same upon the evidence adduced, the court finds, from the evidence, that the libellant, Clarence Y. Ogata, is now, and at all times mentioned in the libel for divorce herein has been, a resident of the Island of Molokai, in the second judicial circuit of the Territory of Hawaii; that libellee, Mary Cleveland Ogata, is now living at Honolulu, in the first judicial circuit, but that libellant is not now living in said first circuit within the meaning of the provisions of section 2966, R. L. of Hawaii 1925, as amended by Act 126 of the Session Laws of 1927; that the parties did not last live together as husband and wife within the first judicial circuit as contemplated by the provisions of said section as so amended. This court is therefore without jurisdiction to entertain the libel herein. Martello v. Martello, 19 Haw. 243. The libel is dismissed for want of jurisdiction." Thereupon, and without the filing of a decree in the trial court, the libelant appealed to this court, stating in his notice that the appeal was taken "from the decision made and entered" in the court and cause and further identifying the decision appealed from by its date and by the fact that it was rendered by the judge of the division of domestic relations.

Divorce cases are now and have been for some years past triable before circuit judges at chambers and not before circuit courts and come to this court by appeal and not by exceptions. Such appeals are taken under the authority of section 2509, R. L. 1925, which provides that "appeals shall be allowed from all decisions, judgments, orders or decrees of circuit judges in chambers, to the supreme court", with certain exceptions not now material. It has been repeatedly held by this court that appeals

under this statute must be taken from the decree and not from the decision. *Barthrop* v. *Kona Coffee Co.*, 10 Haw. 398, 402; *Kahai* v. *Kuhia*, 11 Haw. 3, 5; *Makainai* v. *Lalakea*, 24 Haw. 518, 521; *Un Wo Sang* v. *Alo*, 7 Haw. 673, 674, 675.

No decree has been entered in the case at bar. While the document signed by the trial judge concludes with the definite statement that "the libel is dismissed for want of jurisdiction", it is obvious that it was intended merely as an opinion of the court,—that which ordinarily is called a decision as distinguished from the decree. It is entitled "Decision" and not "Decree". This consideration alone, of course, would not alter the nature of the document, if it were in fact a decree, but it aids in showing the intention of the court. The document is in the ordinary form of an opinion or decision. It sets forth, even though briefly, the reasoning by which the court arrived at its conclusion that it was without jurisdiction to entertain the suit. It contains a citation of authority in support of the view adopted by the court. The mere fact that the concluding statement above quoted is in the form of an order does not render the document a decree. See *Makainai* v. *Lalakea*, 24 Haw. 518, 520, 521, in which the concluding language of the court appealed from was, "I am of the opinion that the demurrer should be sustained and it is so ordered". The document was held to be a decision and not a decree. In the present instance, there is no other language approximating that ordinarily used in a decree.

The present appeal, therefore, having been taken solely from the decision and not from the decree, does not lie. An order dismissing the appeal will be signed upon presentation.

*E. J. Botts* (*J. B. Lightfoot* on the brief) for libelant. *Louis Le Baron amicus curiae.*