IN THE MATTER OF THE APPLICATION OF LEE WAH FOR LEAVE TO ADOPT EUGENE GOULED.

No. 2574.

SUBMITTED SEPTEMBER 24, 1946.          DECIDED SEPTEMBER 24, 1946.

KEMP, C. J., PETERS AND LE BARON, JJ.

*Per Curiam.* By petition filed April 28, 1944 in the circuit court of the first judicial circuit, Lee Wah, an unmarried man, sought to adopt Eugene Gouled, who was born September 30, 1940 and who was alleged to be an illegitimate child of petitioner and Patsy Clara Yee Henderson, an unmarried woman.

At the hearing on the petition by the circuit judge in chambers an agent of the department of public welfare appeared and contested the right of the petitioner to adopt said child. At the conclusion of the hearing on May 12, 1944 the circuit judge rendered an oral decision setting forth the facts from which he concluded that the applicant is not a fit and proper person to adopt said child and ending with the words "therefore, the court denies the petition." On May 16, 1944 the petitioner filed his appeal and notice of appeal "from the decision made and entered on the 12th day of May 1944." The record filed in this court on June 12, 1944 contained no decree. However, a decree dated the 18th day of October, 1944, was filed in said cause in the circuit court on October 25, 1944 whereby it was ordered, adjudged, and decreed "That the petition for the adoption of Eugene Gouled heretofore filed in the above entitled court on April 28, 1944 is hereby denied and dismissed as of this [*sic*] 12th day of May

1944." A certified copy of this decree was on October 25, 1944 made a part of the record on this appeal.

It has now been suggested by the attorney general in his brief filed in behalf of the department of public welfare, that the appeal should be dismissed on the ground that the appeal having been taken from a decision as distinguished from a final decree does not lie and therefore should be dismissed by the court on its own motion.

It is the duty of an appellate court to scrutinize the record in every case to determine whether or not its jurisdiction has been properly invoked even if its jurisdiction has not been challenged. An appeal from a decision of a circuit judge in chambers as distinguished from an appeal from a decree, judgment or order of a circuit judge in chambers is a nullity. Consequently the court in the absence of a motion by the appellee to dismiss such an appeal will act on its own motion. (*Estate of Amasiu*, 36 Haw. 394; *Peabody* v. *Paakaua*, 24 Haw. 250.)

It is well settled in this jurisdiction that the appeal must be from the decree; that in the appeal statute (see § 9503, R. L. H. 1945), which provides for appeals from "all decisions, judgments, orders or decrees of circuit judges in chambers," the term "decision" imports nothing else than "decree, judgment or order." (*Un Wo Sang Co.* v. *Alo*, 7 Haw. 673; *Makainai* v. *Lalakea*, 24 Haw. 518; *Jelinx* v. *Jelinx*, 28 Haw. 403; *Ogata* v. *Ogata*, 30 Haw. 620.)

The *nunc pro tunc* decree entered after the appeal was perfected does not remedy the defect for the appeal does not purport to be from the decree. (*Makainai* v. *Lalakea, supra.*)

For the reasons herein expressed the appeal should be dismissed and it is so ordered.

*N. Y. Char* (also on the brief) for petitioner-appellant.

*M. Watanabe*, Deputy Attorney General (*C. N. Tavares*, Attorney General, with him on the brief), for Department of Public Welfare.