## HUNG CHIN CHING *v.* FOOK HING TONG, CHONG HING TENN AND KUI HING TENN.

### No. 2729.

FILED SEPTEMBER 27, 1950.                    DECIDED NOVEMBER 16, 1950.

The petition for rehearing upon the opinion reported in 38 Hawaii 616 asserts four grounds.

Ground one asserts that this court disregarded two findings of fact by the trial court, first: that the seller agreed to sell and the respondents *and* petitioner agreed to purchase the business; second: that all parties to the proceeding agreed *inter se* that petitioner's contributive share of the purchase price was to be $3,000, the balance to be contributed by the respondents. These findings were adopted and considered, as evidenced by their recitation in the opinion, they being expressly enumerated therein.

The petitioner-appellant urges that as a result of the conclusion of this court in disregard of the foregoing he, jointly and severally with the respondents, would have incurred a potential liability for the entire purchase price of $35,000, and the *vendor* could therefore have sought and obtained judgment against him in that amount in the event the purchase was not consummated; or, in the alternative, the *respondents* could have proceeded likewise to enforce payment of the petitioner's contributive share of $3,000; and that resultingly, all of the joint purchasers, including the petitioner-appellant, acquired a right to enforce the purchase agreement against the *vendor* by specific performance by and through their equitable title; and the petitioner, not having released the vendor from his agreement to sell to him, the respondents thereby did in fact

acquire the business as trustees for themselves *and* the petitioner.

Assuming, without deciding, that the principles of law urged are applicable to those factual situations had they been before the court for determination, nevertheless neither the theory nor the principles urged were presented, for the reason that the petitioner admittedly defaulted in his failure to contribute his agreed share of the purchase price. The authorities cited are readily distinguishable from the facts presented. They involve suits for specific performance of contracts to enforce the conveyance of property, equity jurisdiction being premised upon the inability of a court of law to accord the aggrieved parties in those circumstances a full, adequate and complete remedy—as between vendor and vendee. The instant litigation is between joint vendees alone. The cases also present factual situations where, as between vendors and vendees, either partial or complete performance by either or both of the parties exists, with the resulting acquisition and assertion of an equitable right of specific performance predicated thereon. The factual situations and the principles urged are inapplicable to the instant appeal.

The second ground urges error in the failure of this court to conclude that a joint adventure existed between the parties to the proceeding. Reiterating the conclusion heretofore announced that a finding of whether the purchase agreement between the parties constituted them co-partners or joint adventurers, binding them with the legal incidents flowing therefrom, was not necessary to the disposition of the issues presented, this ground is without merit.

Ground three is premised upon the assumption of a finding that a joint adventure did in fact exist between the parties. For the reasons stated, *supra*, this ground is rejected.

Ground four urges the adoption by this court of the trial judge's oral findings rendered prior to the entry of the written decision and decree. The written decision is at variance with the oral findings.

The authorities cited in support of the petitioner's contention is that findings of fact made by a trial court in the course of a trial are regarded on appeal in much the same manner as findings of fact upon which the final judgment is rendered. This is a broad statement of the rule applicable in the absence of a governing statute. The contention is urged, however, without consideration of the controlling statutes of this jurisdiction. This is an appeal from a decree of a circuit judge, at chambers, in equity. (R. L. H. 1945, § 9604 as am.) The jurisdiction of this court to hear and determine the cause is premised upon that section.

"Appeals shall be allowed from all decisions, judgments, orders or decrees of circuit judges in chambers, to the supreme court * * *." R. L. H. 1945, § 9503 as am.

"It has been repeatedly held by this court that appeals under this statute must be taken from the decree and not from the decision. *Barthrop* v. *Kona Coffee Co.,* 10 Haw. 398, 402; *Kahai* v. *Kuhia,* 11 Haw. 3, 5; *Makainai* v. *Lalakea,* 24 Haw. 518, 521; *Un Wo Sang* v. *Alo,* 7 Haw. 673, 674, 675." *Ogata* v. *Ogata,* 30 Haw. 620, 621, 622.

The present appeal is from the decree entered on September 2, 1948, dismissing the bill. This decree, being as it is final in form, and determinative of the rights of the parties to the controversy, was the final and appealable decree upon which the appeal was allowed and the jurisdiction of this court invoked. Ground four is without merit.

Chief Justice Samuel B. Kemp and Circuit Judge John A. Matthewman, who concurred in the opinion, are disqualified from participation in the instant petition for rehearing by virtue of their retirement.

The petition for rehearing is denied without argument.