IN THE MATTER OF THE ESTATE OF EMMA MARTIN, ALSO KNOWN AS EMILY MARTIN AND EMILIE MARTIN, DECEASED.

No. 4494.

June 14, 1966.

RICHARDSON, C.J., CASSIDY, WIRTZ, LEWIS AND MIZUHA, JJ.

*Per Curiam.* The executor, Bishop Trust Company, appellant in this court, successfully defended an action contesting the validity of the will of its testatrix, Emily Martin, in Probate Court, and maintains here that the contestants, appellees here, lost their right to appeal to the circuit court on the issue of the validity of the will because they failed to effectuate their appeal under the rules prescribed by our statutes.[1]

The petition for probate of the will, executed on July 26, 1962, was filed in the Probate Court on April 25, 1963, and the caveat contesting probate of the will was filed May 23, 1963. After hearings in chambers, the Probate Court admitted the will to probate. The following is a chronology of the subsequent events pertinent to this interlocutory appeal:

---

[1] Section 208-3, R.L.H. 1955 reads in part:

"* * * Appeals shall be allowed from all decisions, judgments, orders or decrees of circuit judges in chambers, to the supreme court, except in cases in which the appellant is entitled to appeal to a jury, whenever the party appealing shall file notice of his appeal, and pay the costs accrued within ten days after the filing of the decision, judgment, order or decree appealed from * * *."

Section 317-2, R.L.H. 1955 reads in part:

"* * * Whenever the value of the estate of any deceased person exceeds $500, any person claiming before any judge sitting as a court of probate, such estate, or any part thereof, or any interest therein, by virtue of any will or testamentary devise, or by virtue of the statutes of descent of property * * * who may deem himself aggrieved, by the decision of such probate judge at chambers, may, upon taking his appeal to the circuit court, if any matter of fact is in issue, move the appellate court that the issue of fact may be tried by a jury, and his motion shall not be denied."

| | |
|---|---|
| May 19, 1964 | The Probate Court filed its "FINDINGS OF FACT and CONCLUSIONS OF LAW." |
| May 22, 1964 | The Probate Court filed its formal Order of Probate based on the above noted "FINDINGS". Service of this Order was not made on Contestants. |
| June 2, 1964 | Contestants filed their Notice of Appeal from the "FINDINGS OF FACT and CONCLUSIONS OF LAW." |
| August 11, 1964 | The Executor moved "at chambers" "in probate" to dismiss the appeal on the grounds: "1. That said notice of appeal was not filed within the proper time. "2. That said notice of appeal was not taken from the final order of probate." |
| September 3, 1964 | Contestants filed a Return to the Motion to Dismiss alleging that an oral stipulation had been made between counsel that any final order would be submitted for Contestants' approval.[2] |
| September 14, 1964 | Contestants at the suggestion of the Circuit Judge, applied for re- |

---

[2] Under Rule 22 of the First Circuit Court this was required at all events. And under Rule 6 of the First Circuit Court the order should have been served.

lief under Rule 6(c)[3] of the First Circuit alleging in an affidavit that, contra to an agreement between counsel, the executor had failed to notify the contestants of the Order of Probate and as a result they had failed to appeal within the proper time.

September 22, 1964 — Return to Application for Relief filed by the executor.

January 27, 1965 — The Probate Court dismissed both the Appeal and Application for Relief under Rule 6(c) because neither was an appeal from, nor an attempt to appeal from, the final Order of Probate.

February 5, 1965 — Contestants filed an amended Application for Relief under Rule 6(c) to set aside the January 27, 1965 Order and to permit the filing of a Notice of Appeal from the final Order of Probate admitting the alleged will of Emily Martin.

March 3, 1965 — Order granting Amended Application for Relief filed.

March 12, 1965 — Interlocutory appeal allowed the executor, who had protested the granting of the amended Application for Relief.

March 16, 1965 — Executor filed Notice of Appeal from Order of March 3, 1965.

---

[3] Rule 6(c) of the First Circuit Court reads:
"* * * A party who has been prejudiced by failure to receive due notice or to be served or who has been prejudiced by reason that service was made by mail may apply to the Court for appropriate relief."

Contestants' "Notice of Appeal" to the circuit court filed on June 2, 1964, was an appeal from the Findings of Fact and Conclusions of Law, 14 days after the entry of the findings on May 19, 1964. Contestants did not file a Notice of Appeal from the Order admitting the will to probate until the amended application for relief was granted. An appeal must be taken from the final Order of Probate and not the Findings of Fact and Conclusions of Law. *Estate of Mansbridge*, 29 Haw. 73, 78. See *Ching* v. *Tong*, 39 Haw. 20, 22; *Ogata* v. *Ogata*, 30 Haw. 620; *Makainai* v. *Lalakea*, 24 Haw. 518; *Mutch* v. *Holau*, 5 Haw. 314, 315.

Compliance with statutory requirements for the taking of an appeal is mandatory. *Estate of Amasiu*, 36 Haw. 394. See *Scott* v. *Liu*, 46 Haw. 221, 377 P.2d 696. Contestants' Notice of Appeal from the Findings of Fact and Conclusions of Law was not only untimely—it was a nullity.

Nevertheless, contestants argue in this court that prejudice occurred, rectifiable under Rule 6(c), because counsel for the executor had inadvertently breached his promise to notify them of the filing of the final Order of Probate and, as a result, they were entitled to relief. We do not agree. Assuming but not deciding that counsel for contestants had no duty to check with the Probate Court, it would be true that contestants were prejudiced until such time as their counsel received notice of the Order of Probate which at the latest occurred on August 11, 1964, when the executor filed his motion to dismiss the appeal from the Findings of Fact and Conclusions of Law. It then became incumbent on contestants to act promptly to seek relief under Rule 6(c). In view of the limitation on the time allowed for appeal to the circuit court, the application for such relief should have been made within the same ten-day limitation. On the stated hypothesis, the plea of prejudice therefore lost its effectiveness ten days after the contestants received notice that the Order of

Probate was filed through the motion to dismiss filed on August 11, 1964. The first application for relief filed September 14, 1964, was both untimely and defective in form.[4] The amended application, filed on January 5, 1965, was 137 days late. The relief prayed for by the amended application should have been denied.

While the point was not raised and has not been argued, it is manifest from the record that neither counsel has observed the distinction between the powers of the circuit judge at chambers in probate, on the one hand, and the circuit court to which contestants endeavored to appeal, on the other. *In re Estate of Chinn,* 44 Haw. 613, 359 P.2d 932, reviews this distinction. The motion to dismiss the appeal should have been made in the circuit court, and it was improper for the circuit judge at chambers in probate to dismiss the appeal. However, the contestants' application for relief was within the powers of the circuit judge in chambers at probate. Inherently, it was, and in form should have been presented as, an application to set aside the Order of Probate of May 22, 1964 because of noncompliance with the rules of the First Circuit Court as to submission of the order for approval as to form (Rule 22), and as to service (Rule 6). *Cf., Hill* v. *Hawes,* 320 U.S. 520.

Reversed and remanded for entry of judgment in conformity with this opinion.

*C. A. Gregory (Smith, Wild, Beebe & Cades)* for executor-appellant.

*Robert M. Rothwell (Hoddick, Rothwell & Chang)* for contestants-appellees.

---

[4] The application was "for leave to file in proper form their notice of appeal from the decision * * * admitting to probate the alleged will * * *." We need not decide whether use of the words "the decision" was a fatal defect.